### VILLAREAL v. REZA.
#### No. 12207.

Court of Civil Appeals of Texas.
San Antonio.
Jan. 24, 1951.

Edward W. Halbardier, San Antonio, for appellant.

Herman G. Nami, San Antonio, for appellee.

NORVELL, Justice.

According to his brief, the appellant, Joe Villareal, "while employed in a funeral home as his principal undertaking in life, on the side, had sold some real estate and in addition thereto was a Notary Public." His activities as a real estate dealer involved him in this litigation. He and Henry Rangel, his co-defendant, were instrumental in selling to Luis Reza, plaintiff below, a certain tract of land in San Antonio, Texas, designated as 204 Alta Vista Street. Villareal went to Monterrey, Nuevo Leon, Mexico, and secured a deed from Adelfa P. de Sada and her husband, Enrique Sada, conveying the property to Henry Rangel, who in turn conveyed the same to Luis Reza. Reza was subsequently ousted by the assertion of the paramount title in an action styled Elena Romero and others, plaintiffs, versus Luis Reza, defendant, wherein judgment for title and possession of the premises was rendered in favor of plaintiffs and against defendant, Reza. Thereafter Reza brought this action against Villareal and Rangel. Judgment was rendered in his favor against both Villareal and Rangel. Villareal has appealed.

Complaint is made of the way the case was submitted to the jury.

The court defined the terms, "preponderance of the evidence," "negligence" and "proximate cause" (not material here) and no others. Eleven special issues were submitted. The first seven issues and the jury's answers thereto read as follows, to-wit:

"Question No. 1: Do you find from a preponderance of the evidence that the defendants, Henry Rangel and Joe Villareal, or either of them, represented to the plaintiff that they would furnish plaintiff a good and merchantable title to the property known as 204 Alta Vista Street?

"Answer 'yes' or 'no'.

"We, the jury, answer, Yes.

"If you have answered the above question 'yes' and only in that event, then answer the following question:

"Question No. 2: Did said defendants, or either of them, furnish plaintiff a good and merchantable title to said property?

"Answer 'yes' or 'no'.

"We, the jury, answer No.

"Question No. 3: Do you find from a preponderance of the evidence that the representations made, if any, inquired about in Question No. 1, were made by the defendant Henry Rangel or Joe Villareal or both of said defendants?

"In answering this question you will state by writing the names of such defendants or defendant below.

"We, the jury, answer Henry Rangel
                      "Joe Villareal

"If you have answered question No. 1 'yes' and only in that event, then answer the following question:

"Question No. 4: Were such representations, if any, true or false?

"Answer by stating 'true' or 'false'.

"We, the jury, answer False.

"If in answer to the foregoing question you have answered such representations

were false, then answer the following question:

"Question No. 5: Do you find from a preponderance of the evidence that the plaintiff herein relied upon such representations?

"Answer 'yes' or 'no.'

"We, the jury, answer Yes.

"Question No. 6: Do you find from a preponderance of the evidence that the plaintiff herein, Louis Reza, was damaged by the false representations, if any, of the defendants or either of them?

"Answer 'yes' or 'no'.

"We, the jury, answer Yes.

"If you have answered 'yes' to the foregoing question, and only in that event, then answer the following question:

"Question No. 7: What amount of money, if paid now, would compensate said plaintiff, Louis Reza, for damages he has suffered, if any?

"Answer by stating amount.

"We, the jury, answer $1,800.00."

■ Appellant objected to Issue No. 2 for the reason that "said issue fails to place the burden of proof or advise the jury of the degree of proof required to a finding." A like objection was directed against Issue No. 4. These objections were overruled by the court and the matter presented here by proper points of error.

Rule 277, Texas Rules of Civil Procedure, provides that, "It is proper to so frame the issue as to place the burden of proof thereon, but where, in the opinion of the court, this cannot be done without complicating the form of the issue, the burden of proof on such issue may be placed by a separate instruction thereon." Issues Nos. 2 and 4 were not framed so as to place the burden of proof, nor were special instructions given with reference thereto.

In the case of Texas Employers' Ins. Ass'n v. Lemons, 125 Tex. 373, 83 S.W.2d 658, 659, the Supreme Court considered an issue almost identical in form with those under consideration here, viz: "Do you find from the evidence that the defendant O. O. Lemons sustained accidental injuries on or about the 1st day of November, 1928? Answer this question 'Yes' or 'No.'"

In passing upon the matter the Supreme Court said:

"The right of a litigant to have the jury properly instructed on the burden of proof is a valuable one. Psimenos v. Huntley (Tex.Civ.App., 47 S.W.2d 622), supra, and authorities there cited. In fact, this proposition of law is too well settled to require the citation of authorities. It must follow that, unless it can be said that this charge properly indicated to the jury on whom rested the burden of proof, it was erroneous, and a reversal must result.

"A reading of the above question clearly discloses that it is so worded and consructed as to fail utterly to indicate within itself any burden of proof whatever. It simply asks the jury, 'Do you find from the evidence * * * ?' It in no manner tells the jury that a 'yes' answer requires such preponderance."

Appellant's point complaining of the failure to place the burden of proof must be sustained. Southern Pine Lumber Co. v. King, 138 Tex. 473, 161 S.W.2d 483.

■■ We are also of the opinion that appellant's objections to Special Issue No. 8 were well taken, and that they are preserved by proper points in appellant's brief. Appellee sought a recovery of both actual and exemplary damages. No measure of actual damages was included in the charge, and the amount of recovery allowed by the jury is in excess of the amount (approximately $1,200) paid by appellee for the property. A separate issue on exemplary damages should be submitted if supported by the evidence and a recovery thereof is desired. It is essential that willfulness, malice or fraud be shown in order to recover punitive damages over and above actual damages. See 13 Tex. Jur. 236, Damages, §§ 126 et seq.

Appellant raises numerous other points. It is contended that there is no evidence of a representation that the title was a merchantable one as distinguished from a good or clear title; that there was insufficient evidence of the making of any false rep-

resentations; that if the issue of "merchantable title" was in the case, it should have been defined; that certain testimony was improperly admitted, etc. A number of appellant's points are undoubtedly well taken, but they relate to matters which need not occur upon another trial and a further lengthening of this opinion to discuss the same would be of little practical benefit.

For the errors pointed out the judgment as to appellant, Joe Villareal, is reversed and the cause as to him is remanded for another trial. The judgment as to Henry Rangel, who did not appeal, is not disturbed.

Reversed and remanded.