**Robert S. CALVERT, Comptroller of Public Accounts, Appellant,**

v.

**JULIAN GOLD, INC., Appellee.**

**No. 11901.**

Court of Civil Appeals of Texas, Austin.

April 5, 1972.

Rehearing Denied April 26, 1972.

Crawford C. Martin, Atty. Gen., Nola White, 1st Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., John R. Grace and Harriet D. Burke, Asst. Attys. Gen., Austin, for appellant.

Lang, Cross, Ladon, Boldrick & Green, Stephen Lang, San Antonio, for appellee.

SHANNON, Justice.

Appellee, Julian Gold, Inc., sued appellant, Robert S. Calvert, Comptroller of Public Accounts, in the District Court of Travis County to recover sales taxes, penalty and interest. Upon trial to the court judgment was entered for appellee for $5,-569.65. We will affirm that judgment.

The narrow question is whether charges for alterations on garments sold by appellee are taxable under the "Limited Sales, Excise and Use Tax Act." Tex. Tax.-Gen. Ann. art. 20.02 (1969), V.A.T.S.

Appellee is in the retail business of selling women's ready to wear clothing. With respect to some sales, appellee's customers want appellee to make alterations, while others do not. When alterations are made, appellee prepares one sales ticket for the garment and a separate sales ticket for the alteration charge. For the period of time embraced by this cause appellee collected

the sales tax from its customers for purchases of garments, but not for alterations. In response to appellant's demand, appellee paid the sum in dispute and filed this suit to recover that sum.

Art. 20.02 provides in part,

"There is hereby imposed a limited sales tax . . . on the *receipts* from the sale at retail of all taxable items within this State." (Emphasis added)

In Art. 20.01 appear definitions relevant to the resolution of this case.

"Article 20.01 Title—Definitions

(D) Receipts.

(1) 'Receipts' means the total amount of the sale . . . price, . . . of the retail sales of taxable items by retailers, . . .

(2) 'Receipts' does not include any of the following:

(g) The amount charged for labor or services rendered in installing, applying, remodeling, or repairing the tangible personal property sold.

(K) Sale.

(1) (a) 'Sale' means and includes any transfer of title or possession, or segregation in contemplation of transfer of title or possession . . ., conditional or otherwise, in any manner or by any means whatsoever, of tangible personal property for a consideration.

(2) 'Sale' includes:

(e) A transfer for a consideration of the title or possession of tangible personal property which has been produced, fabricated or printed to the special order of the customer.

(L) Sales Price.

(2) The total amount for which tangible personal property is sold includes all of the following:

(a) Any services which are a part of the sale.

(3) 'Sales Price' does not include any of the following:

(g) The amount charged for labor or services rendered in installing, applying, remodeling, or repairing the tangible personal property sold."

Appellant argues that Art. 20.02 levies the tax on the "sales price" rather than on the "receipts" from a sale. Appellant urges this construction for the reason, most probably, that (L) (2) defines "sales price" as "any services which are a part of the sale." Appellant then insists that the sale of the garment and its alteration are all a part of the same sales transaction, and that, as such, the alteration is a service which is a part of the sale.

To accept appellant's argument is to ignore the exclusions to the definitions of "Receipts," and "Sales Price," Art. 20.01 (D) (2) (g) and Art. 20.01(L) (3) (g). Each exclusion is identically phrased, that "Receipts" and "Sales Price" do not include "the amount charged for labor or services rendered in installing, applying, *remodeling*, or repairing the tangible personal property sold." (Emphasis added) Exclusions to the definitions of the terms used in the Act are to be given effect. See Gifford-Hill and Company v. State, 442 S.W.2d 320, 323 (Tex.1969).

■ "Remodel" is a word of broad signification, and is variously defined as meaning to model anew, to reform, reshape, reconstruct, to make over in a somewhat different way, to model, to shape, to form, to fashion, and to recast. 76 C.J.S. p. 906, see also Roget's International Thesaurus, sections 145.9 and 692.18 (3rd Ed.). Under this record the alterations made by appellant constituted a "remodeling" under Art. 20.01(D) (2) (g) and Art. 20.01 (L) (3) (g), and hence not taxable.

■ Appellant argues, alternatively, that Art. 20.01(K) (2) (e), defining sale under

the Act to include, "a transfer for a consideration . . . of tangible personal property which has been produced, fabricated . . . to the special order of the customer" is controlling. Appellant's alternate position is untenable. Reference to Webster's [1] is hardly necessary to determine that appellee by its alteration procedures does not "produce" or "fabricate" the garment. Appellee is not in the dressmaking business but rather its business is the sale of women's ready to wear, and those garments which it alters are not "produced" or "fabricated" within the meaning of Art. 20.01(K) (2) (e).

The judgment is affirmed.

Affirmed.

---

1. To produce is "to give being or form to; to manufacture; make . . . ;" to fabricate is "to form into a whole by uniting parts; to frame; construct; build . . . ," Webster's New International Dictionary (2nd Ed.)