LOOM TREASURES, INC., Appellant,

v.

TERRY MINKE ADVERTISING
DESIGN, INC., Appellee.

No. 2–81–041–CV.

Court of Appeals of Texas,
Fort Worth.

July 1, 1982.

Rehearing Denied July 29, 1982.

Eyres & Kohn, and William G. Eyres, Frank Edward Kohn, Dallas, for appellant.

Jonita Boyd Borchardt, Denton, for appellee.

Before MASSEY, C. J., and SPURLOCK and JORDAN, JJ.

OPINION

SPURLOCK, Justice.

The defendant, Loom Treasures, Inc., appeals from a jury verdict awarding plaintiff Terry Minke Advertising Design, Inc. damages for breach of contract.

We reform and, as reformed, affirm.

This suit was brought by plaintiff, an advertising client, for damages for breach of a written contract to produce an eight-page catalogue, for breach of an oral contract to produce a one-page flyer, and for conversion of the catalogues. Defendant counterclaimed for damages for fraudulent inducement to contract, or for reformation

of the contract, and for loss of sales and other damages as a result of a defect in the flyer, or, in the alternative, for an offset against amounts owed to plaintiff.

Steve Golman, vice-president of defendant, contacted Wayne Farley, account executive for plaintiff, and contracted for Minke to produce a catalogue and Christmas flyer for use in marketing defendant's products. Golman requested a higher quality product than that produced a year before, and mentioned to Farley that he would like to stay within a budget of $10,000.00. Golman's instruction to Farley was similar to the one the previous year, that Farley should provide Golman with a cost estimate of the catalogue, but that no written proposal for the flyer was necessary.

Upon Golman's request, Farley combined the proposals, though separately stated, for the catalogue and flyer. Farley presented the proposal to Golman on or about June 17, 1980. Golman wanted the president of the company to review the contract for the catalogues. He then indicated the contract was acceptable. The flyer was being produced under an oral agreement.

The initial deadline for completion of the catalogue and flyer was July 15, 1980, but production problems resulted in delay and the products were delivered to defendant on August 11, 1980, and invoices therefor mailed August 4. At no time were any of plaintiff's agents told that the products were too late for use. Several days later Farley received a call from Golman that item numbers had been left off the flyers, making them useless.

Farley offered to correct them, but defendant refused. Plaintiff offered to assume one-half the cost of the flyer if defendant would pay one-half the flyer invoice, but the president of defendant decided not to pay for either the catalogue or flyers.

The contract provided that plaintiff would retain title to the catalogues until the invoice had been paid. Defendant kept the catalogues and used them in its marketing program. Demand was made on defendant to pay the invoices, but they offered to pay only the catalogue invoice and none of the flyer invoice. Plaintiff then filed suit.

The case was tried to the jury on special issues. Judgment was rendered against defendant for actual damages in the amount of $12,108.73 (which represented the cost of the catalogue and one-half of the flyer) plus prejudgment interest of six percent, exemplary damages in the amount of $4,500.00, attorney's fees in the event of appeal and postjudgment interest.

Defendant appealed by four points of error and filed a partial statement of facts with this court. Tex.R.Civ.P. 377(d) provides that "if appellant requests or prepares a partial statement of facts, he shall include in his request or proposal a statement of the points to be relied on and shall thereafter be limited to such points."

No statement of the points to be relied on is included in his request for a partial statement of facts.

By its first point of error defendant contends that the trial court erred in refusing to submit its special issues regarding fraudulent inducement in that the evidence and plaintiff's admission established the same as a matter of law.

In accordance with the general rule applicable in the absence of a statement of facts, when there is only a partial statement of facts, all reasonable presumptions will be indulged in favor of the judgment below, including a presumption that the evidence was sufficient to sustain the judgment. *Englander Company v. Kennedy*, 428 S.W.2d 806 (Tex.1968); 4 Tex.Jur.2d Rev., Part 1, sec. 409, App. & Er.—Civil Cases 255. Therefore the claim of fraudulent inducement to contract could not be said to have been undisputed.

Defendant's first point of error is overruled.

By its second point of error defendant contends that the trial court erred in awarding plaintiff exemplary damages, because as a matter of law exemplary damages are not allowed for breach of contract.

Defendant further contends that there was no evidence of an action in tort.

■ Exemplary damages may be awarded in a breach of contract action if the breach is shown to have been accompanied by malicious, oppressive or fraudulent conduct, or to have occurred in such a manner as to constitute a tort, accompanied by fraud, malice, or oppression. 17 Tex.Jur.2d 254, Sec. 185.

An element of fraud, willfulness, malice or oppression is indispensable to the recovery. *Villareal v. Reza*, 236 S.W.2d 239 (Tex. Civ.App.—San Antonio 1951, no writ).

■ Plaintiff failed to request a special issue on this claim for exemplary damages. It could not be entitled to them.

Defendant's point of error No. 2 is sustained.

In its third point of error defendant contends that the trial court abused its discretion in awarding attorney's fees on appeal in that plaintiff voluntarily withdrew such issues from the jury's consideration and there is no evidence to support such an award.

■ Plaintiff failed to request a special issue on the question of attorney's fees. The determination of what constitutes the reasonable value of an attorney's services is ordinarily a question for the jury. Where attorney's fees are recoverable, the amount allowed is determined in the same manner as other fact questions, and the general rule is that the reasonable value of attorney's services is a question of fact for the jury. *Texas Employment Commission v. Brasuell*, 235 S.W.2d 950 (Tex.Civ.App.—Eastland 1950, writ dism. woj.).

Only in the absence of a jury is reasonable value a question for the court. *Shambaugh v. Bellar*, 54 S.W.2d 550 (Tex.Civ. App.—Beaumont 1932, no writ).

There was no finding of reasonable value for the attorney's services by the jury, which was the fact-finder in this case. Failure to request a special issue on this point for the jury's determination constitutes a waiver of recovery.

Defendant's point of error number 3 is sustained.

In its fourth point of error defendant contends that the trial court erred in awarding prejudgment interest of six percent on sums alleged to be due on an oral contract, since plaintiff is not entitled to same as a matter of law.

Tex.Rev.Civ.Stat.Ann. art. 5069–1.03 as amended in 1979 provides that "When no specified rate of interest is agreed upon by the parties, interest at the rate of six percent per annum shall be allowed on all accounts and contracts ascertaining the sum payable, commencing on the thirtieth (30th) day from and after the time when the sum is due and payable."

■ Because the judgment was rendered after 5069–1.03 was amended effective August 27, 1979, prejudgment interest will commence 30 days after notice was first received by plaintiff that defendant did not wish to consummate the transaction and demand for return of the property was made. *Golden v. Murphy*, 611 S.W.2d 914 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ).

■ The amendment did not exclude oral contracts or open contracts from allowance of prejudgment interest, therefore, we find that the court correctly awarded prejudgment interest on the sum due on the oral contract.

Defendant's fourth point of error is overruled.

Judgment is reformed and as reformed plaintiff shall take nothing for exemplary damages and attorney's fees. Judgment is affirmed as to the remaining part of the judgment.

Costs of appeal are adjudged against plaintiff and defendant equally.