**DELTA PIPE FABRICATORS, INC., Appellant,**

v.

**Bob BULLOCK, Comptroller of Public Accounts of the State of Texas, et al., Appellees.**

**No. 13629.**

Court of Appeals of Texas, Austin.

Sept. 1, 1982.

Rehearing Denied Sept. 22, 1982.

David W. Hilgers, Hilgers, Watkins & Kazen, P. C., Austin, for appellant.

Mark White, Atty. Gen., Bradley Seals, Asst. Atty. Gen., Austin, for appellees.

POWERS, Justice.

Appellant, Delta Pipe Fabricators, Inc. appeals a take-nothing judgment rendered by the trial court in a suit against the State to recover taxes, penalty, and interest collected pursuant to the Texas Limited Sales,

Excise and Use Tax, Tex.Tax.-Gen.Ann. art. 20.02 (repealed January 1, 1982).

Appellant ("Delta Pipe") is a corporation organized and existing under the laws of the State of Texas. Its capital stock is owned by another corporation, Delta Industrial Construction Company, Inc. ("Delta Industrial") and the officers and directors of the two corporations are the same. Delta Industrial constructs new oil and gas refineries and remodels existing refineries in the area around Beaumont, Port Arthur, and Orange, Texas. In such work, the installation of large amounts of pipe is required, some of which is cut, bent, and installed at the job site while smaller lengths are cut and bent to the requisite configurations in a "pipe shop" operated by Delta Pipe. The "pipe shop" was formerly operated by Delta Industrial employees and managers but in 1969, in response to the demand of Delta Industrial's union for two separate contracts, one for pipe-fitters working in the field and one for those working in the "pipe shop," Delta Industrial organized Delta Pipe to operate the "pipe shop" under the appropriate union contract between that corporation and the union. While Delta Pipe does a small amount of work for other contractors, the bulk of its work consists in work done for Delta Industrial. The sums imposed by the State and sought here to be recovered represent taxes, penalties, and interest on the labor services performed by Delta Pipe in its "pipe shop" operation.

 Delta Pipe complains on appeal of the trial court's exclusion of evidence, offered to show that its separate corporate entity was a sham and should be ignored for tax purposes because it functioned merely as a department of Delta Industrial. The excluded evidence was of the kind ordinarily relied upon to show that a corporation was not conducted as a separate legal entity, notwithstanding the issuance of a charter by the State. We find no error in the trial court's exclusion of the evidence. Those in control of the affairs of Delta Industrial chose to form another corporation, Delta Pipe, for reasons thought by them to be sufficient, that is, the peculiar policy of the employees' union. So far as the record indicates, this was done to secure the advantage of a continuing relationship with the union and not under compulsion of law. One electing to do business as a corporation must accept the tax disadvantages of doing so; however the Government may not be required to acquiesce in that election and where the corporate form is a sham the Government "may sustain or disregard the effect of the fiction as best serves the purposes of the tax statute." *Higgins v. Smith,* 308 U.S. 473, 477, 60 S.Ct. 355, 357, 84 L.Ed. 406 (1940). "A corporation cannot be used when it benefits the stockholders and officers and be disregarded when it is to the advantage of the organizers to do so." *Eastwood Model Market v. State,* 359 S.W.2d 294, 296 (Tex.Civ.App.—Austin 1962), aff'd, 365 S.W.2d 781 (Tex.1963). *See also Texaco Inc. v. Calvert,* 526 S.W.2d 630 (Tex.Civ.App.—Austin 1975, writ ref'd n. r. e.). We overrule appellant's points of error which depend upon its claim that Delta Pipe was not a separate legal entity.[1]

1. It is only by a legal fiction that we are able to say that a corporation, an abstraction, is a "legal entity," but the fiction is none the less useful for that, in particulars it is not necessary to recite. The fiction is one allowed and governed by statutory provisions, including provisions which direct that the fiction be disregarded on certain occasions. *See e.g.,* Tex.Tax.-Gen.Ann. art. 12.14, directing that in some circumstances officers and directors of corporations shall be held liable as if they were partners. The judicial branch will not hesitate to *infer* from a statute a legislative intent to disregard the fiction. *See e.g., Sapphire Homes, Inc. v. Gilbert,* 426 S.W.2d 278 (Tex.Civ.App.— Dallas 1968, writ ref'd n. r. e.) ignoring the separate existence of a corporation in order to enforce a usury statute. Even *without* a statute, courts will apply the substantive law in disregard of the corporate license when to interpose it would defeat public convenience, justify wrongs, protect fraud, or defend crime. *State v. Swift & Co.,* 187 S.W.2d 127 (Tex.Civ.App.—Austin 1945, writ ref'd).

 It is a facially appealing argument to suggest that if the State may show to its advantage that the corporate entity is a sham, the taxpayer ought in fairness be allowed the same opportunity. This argument ignores, however, the basic proposition that it is the election of the

**654**

Appellant brings another point of error, however, contending that receipts for the work done by Delta Pipe were excluded from the sales and use tax under the "remodeling" provision of Tex.Tax.-Gen.Ann. art. 20.01(D)(2). We agree, finding the work done in the present case to be almost exactly analogous to that described in *Calvert v. Julian Gold, Inc.,* 479 S.W.2d 328 (Tex.Civ.App.—Austin 1972, writ ref'd n. r. e.):

> "Remodel" is a word of broad significance, and is variously defined as meaning to model anew, to reform, reshape, reconstruct, to make over in a somewhat different way, to model, to shape, to form, to fashion, and to recast.

*Id.* at 329. The record reflects that Delta Industrial furnished its pipe to Delta Pipe to be worked upon, and while the pipe was reshaped to accommodate a particular construction project, it never lost its identity as pipe. *Cf. Alamo Hardwoods, Inc. v. Bullock,* 614 S.W.2d 600 (Tex.Civ.App.—Texarkana 1981, writ ref'd n. r. e.).

Accordingly, we sustain appellant's point of error that its receipts were excluded from the tax by virtue of Tex.Tax.-Gen. Ann. art. 20.01(D)(2) (repealed January 1, 1982).[2] We therefore reverse the judgment of the trial court and render judgment that appellant recover of and from the appellees the sum of $26,649.62, together with interest thereon at the annual rate of 6% from March 1, 1979, the date such sum was erroneously paid to the State, through December 31, 1981, and at the annual rate of 10% thereafter until a date determined by the Comptroller of Public Accounts that is not sooner than 10 days before the actual date on which a refund warrant is issued, in accordance with the provisions of Tex.Tax. Code Ann. § 112.155(c)(2) (1982) and Tex.

Tax.-Gen.Ann. art. 1.11A(10) (repealed eff. Jan. 1, 1982).

Reversed and Rendered.

PHILLIPS, C. J., not sitting.

taxpayer which brings the corporate entity into being, almost universally for some advantageous purpose—as often for tax advantages as for other advantages. The issue is thus reduced to whether the State should have a corollary election, that is, the election to acquiesce in the taxpayer's decision or not to do so when statutory or common law grounds exist for ignoring the corporate entity. The cases cited

in the text of the opinion sustain the right of the State to make the corollary election.

2. Tex.Tax.-Gen.Ann. art. 20.01(D)(2) provided that taxable receipts did not include amounts "charged for labor or services rendered in . . . remodeling . . . tangible personal property sold."