**McKEE REALTORS, INC., Jean Rush, Ruby Lyons and Mike Shields, Appellants,**

v.

**Larry MARTIN, and wife, Billie Martin, Appellees.**

No. 2-82-142-CV.

Court of Appeals of Texas, Fort Worth.

April 28, 1983.

Rehearing Denied May 26, 1983.

Thomas A. Giltner, Dallas, for appellants.

Ruth E. Brock, Lewisville, for appellees.

Before HUGHES, JORDAN and BURDOCK, JJ.

OPINION

HUGHES, Justice.

McKee Realtors, Inc., and its salespersons, Jean Rush and Ruby Lyons have ap-

pealed from a portion of a judgment taken against them by Larry Martin, and wife, Billie Martin.

Affirmed and reformed.

This case was tried to a jury which found that Jean Rush and Ruby Lyons made material misrepresentations to the Martins, that such misrepresentations were a producing cause of the damages and were made knowingly. The jury found $2,800.00 actual damages and $5,000.00 in attorney's fees.

The trial court rendered judgment against McKee, et al, for $2,800.00 actual damages, $2,000.00 statutory damages and $3,500.00 attorney's fees. The court also awarded $5,400.00 treble damages. McKee, et al, have appealed only the treble damages and the assessment of the attorney's fees.

We are concerned here with an interpretation of Tex.Bus. & Comm.Code, § 17.-50(b)(1) which reads:

(b) In a suit under this section, each consumer who prevails may obtain:

(1) the amount of actual damages found by the trier of fact. In addition the court shall award two times that portion of the actual damages that does not exceed $1,000. If the trier of fact finds that the conduct of the defendant was committed knowingly, *the trier of fact may award* not more than three times the amount of actual damages in excess of $1,000. [Emphasis ours.].

No issue was submitted on the matter of treble damages and the trial judge awarded them without a jury finding.

■ Under the Deceptive Trade Practices Act as it was originally drawn treble damages were mandatory. *Woods v. Littleton,* 554 S.W.2d 662 (Tex.1977). The 1979 amendments to the Deceptive Trade Practices Act make the awarding of treble damages discretionary with *the trier of the fact* if such trier finds a defendant acted knowingly. We hold that it was incumbent upon the Martins to have requested a treble damage issue in this case and their failure to do so amounted to a waiver. The first point of error is sustained.

■ McKee, et al, aver that the award of $3,500.00 in attorney's fees is not supported by the pleadings and the jury findings. The Martins pleaded for $3,500.00. The jury found $5,000.00. The judgment awarded the $3,500.00 asked for in the Martins' pleading but awarded $500.00 less for the trial of the case and $500.00 more in the steps of appeal (which was a concession to the jury's assessment). We hold the variance immaterial since there were no objections to same shown to have been made before the appeal. The second point of error is overruled.

Judgment reformed to remove the $5,400.00 treble damage award and, as reformed, affirmed.