Larry MARTIN et ux., Petitioners,

v.

**McKEE REALTORS, INC. et al., Respondents.**

No. C–2252.

Supreme Court of Texas.

Jan. 25, 1984.

Ruth E. Brock, Lewisville, for petitioners.

Thomas A. Giltner, Dallas, for respondents.

McGEE, Justice.

We must determine whether a plaintiff's failure to request a special issue regarding discretionary damages under section 17.-50(b)(1) of the Deceptive Trade Practices Act amounted to a waiver of recovery of such damages. The trial court rendered judgment against McKee Realtors, Inc., Jean Rush, and Ruby Lyons, (McKee), for $2,800 actual damages, $2,000 statutory damages, and $3,500 attorney's fees. The court also awarded $5,400 discretionary damages despite the Martins' failure to request a jury issue on those damages. McKee appealed only the award of discretionary damages and the assessment of attorney's fees. The court of appeals reformed the trial court's judgment to remove the award of discretionary damages and, as reformed, affirmed. *McKee Realtors v. Martin,* 651 S.W.2d 360. We affirm the judgment of the court of appeals.

The Martins filed this action against McKee Realtors and its salespersons alleging certain misrepresentations made in connection with a real estate transaction, in violation of the Deceptive Trade Practices Act (DTPA). The case was tried to a jury which, in response to a special issue, found that McKee's salespersons knowingly made the misrepresentations in question and that such misrepresentations were a producing cause of the damages. The Martins failed to request a jury issue regarding the amount, if any, of discretionary damages they should recover. The trial judge, however, awarded the maximum amount of such damages permissible under the DTPA.

■ We are concerned here with an interpretation of TEX.BUS. & COMM.CODE, § 17.50(b)(1), which governs the award of damages under the DTPA. It provides:

. . . .

(b) In a suit under this section, each consumer who prevails may obtain:

(1) the amount of actual damages found by the trier of fact. In addition the court shall award two times that portion of the actual damages that does not exceed $1,000. If the *trier of fact* finds that the conduct of the defendant was committed knowingly, *the trier of fact may award* not more than three times the amount of actual damages in excess of $1,000. [Emphasis ours].

Under § 17.50, three types of damages may be awarded. First, the trier of fact may award actual damages. Second, if actual damages are so found, it is mandatory that the court award additional statutory damages in the amount specified. Third, if the trier of fact finds that the defendant's conduct was committed knowingly, then *the trier of fact* may award discretionary damages up to a specified amount, or alternatively, not award them at all.

The Martins contend that the issue of whether McKee acted knowingly was a part of the discretionary damage issue. As a result, they claim that since the "knowingly" issue was submitted to the jury and McKee did not object to the nonsubmission of the discretionary damage issue, the omitted issue should be deemed as found by the court in a manner as to support the judgment. TEX.R.CIV.P. 279. In other words, the Martins concede that they had the burden to request a jury issue regarding those damages, yet claim that since McKee failed to object to the nonsubmission of a jury issue against themselves, they waived their right to have the jury determine it.

■ We disagree. Under the original wording of section 17.50(b)(1) of the DTPA,[1] the trebling of any actual damages

---

1. Prior to the 1979 amendments to the DTPA, section 17.50 provided, in pertinent part:

"In a suit filed under this section, each consumer who prevails may obtain:

was mandatory. *Woods v. Littleton,* 554 S.W.2d 662, 669 (Tex.1977). In 1979, the Texas legislature amended section 17.-50(b)(1). They expressly made any award of the third type of damages under section 17.50(b)(1) within the discretion of the trier of fact if such trier found that a defendant acted knowingly. In a jury trial, such as the one before us, it is the jury, and not the judge, that acts as the trier of fact. Only in the absence of a jury is the award, if any, of discretionary damages under the DTPA a question for the court. It was within the *jury's* exclusive discretion, as mandated by section 17.50(b)(1), to determine whether or not an award of such damages under the DTPA was proper. In the instant case, the jury had no opportunity to pass upon this issue.

In *First State Bank, Morton v. Chesshir,* 634 S.W.2d 742 (Tex.App.—Amarillo 1982, writ ref'd n.r.e.), the plaintiff sued for actual and exemplary damages for conversion and DTPA violations. In *Chesshir,* the court held that exemplary damages constitute an independent ground of recovery which cannot be awarded absent a special issue thereon, stating:

> The Chesshirs utilize their fourth point to contend, as we understand their argument, that they were entitled to recover exemplary damages in their conversion action upon the special issue finding authorizing treble damages under the DTPA.... [T]hey concede that they neither requested the submission of or a jury finding on exemplary damages, and that they have found no authority to sustain their contention. Given this situation, it suffices to state that *exemplary damages, being in the nature of an independent ground of recovery, are waived in the absence of a request for the submission thereof.* Holland v. Lesesne, 350 S.W.2d 859, 865 (Tex.Civ.App.—San An-

tonio 1961, writ ref'd n.r.e.). The point is overruled.

*Id.* at 747 (emphasis added).

A trial court may not make findings of fact where, as here, the omitted issue is an independent ground of recovery. *Glens Falls Insurance Co. v. Peters,* 386 S.W.2d 529, 532 (Tex.1965). *Accord, Holland v. Lesesne,* 350 S.W.2d 859 (Tex.Civ. App.—San Antonio 1961, writ ref'd n.r.e.) (issue as to willfulness in conversion suit so as to support exemplary damages is plaintiff's issue; if not requested it is waived). *See also Villareal v. Reza,* 236 S.W.2d 239 (Tex.Civ.App.—San Antonio 1951, no writ) (in jury trial, if recovery for exemplary damages is desired and supported by evidence, separate exemplary damage issue must be submitted); *Loom Treasures, Inc. v. Terry Minke Advertising Design, Inc.,* 635 S.W.2d 940 (Tex.App.—Fort Worth 1982, no writ) (plaintiff's failure to submit issues regarding exemplary damages and attorney's fees resulted in waiver of those recoveries).

The wording of section 17.50(b)(1) compels the conclusion that, in a jury trial based upon the DTPA, a plaintiff who seeks to recover discretionary damages must request a jury issue on such damages. The plaintiff's failure to do so results in a waiver of recovery of those damages. The court of appeals correctly held that it was incumbent upon the Martins to request a jury issue on such damages and their failure to do so amounted to a waiver.

The judgment of the court of appeals is affirmed.

SPEARS, J., dissents.

SPEARS, Justice, dissenting.

I respectfully dissent. The issue in this case is whether discretionary damages under § 17.50(b)(1) of the Deceptive Trade Practices Act shall be deemed as found to support the judgment when the jury finds that the defendants acted knowingly, but is not asked to set the amount of damages.

---

(1) three times the amount of actual damages plus court costs and attorney's fees reasonable in relation to the amount of work expended; ..."

1973 TEX.GEN.LAWS, ch. 143, sec. 1, § 17.50 at 326.

In my opinion, Rule 279 of the Texas Rules of Civil Procedure unequivocally requires that we deem a finding of discretionary damages.

Larry and Billie Martin sued McKee Realtors and its salespersons Jean Rush and Ruby Lyons (McKee) under the Deceptive Trade Practices Act (DTPA). The Martins pled that McKee acted knowingly, and they specifically asked for discretionary damages under § 17.50(b)(1). The jury found McKee had violated the DTPA, that the violations were committed knowingly, and that they were a producing cause of damages. No issue was submitted asking the jury to determine the amount of discretionary damages to be awarded. Neither party requested the issue, and neither objected to its omission. The jury awarded actual damages of $2,800, and attorney's fees. The trial court rendered judgment for the actual damages and attorney's fees found by the jury, mandatory additional damages of $2,000, and $5,400 in discretionary damages under § 17.50(b)(1) of the DTPA.

When a controlling issue in a jury trial is omitted without objection, Rule 279 requires the issue be deemed as found by the trial judge in support of the judgment rendered. The relevant language of Rule 279 provides:

> [W]here such ground of recovery ... consists of more than one issue, if one or more issues necessary to sustain such ground of recovery ... and necessarily referable thereto, are submitted to and answered by the jury, and one or more of such issues are omitted, without such request, or objection, and there is evidence to support a finding thereon, ... such omitted issue or issues *shall be deemed as found* by the court in such a manner as to support the judgment.

(emphasis added). The fundamental premise of this rule has always been that,

> ... when the trial court has expressly submitted some issues and excluded others, and neither party has put in writing a request for the submission of those excluded, they must be regarded in the appellate court as having acquiesced in

such action and consented for the trial judge to determine from the evidence the issue not submitted.

*Moore v. Pierson,* 100 Tex. 113, 94 S.W. 1132 (1906), *quoted in Wichita Falls & Oklahoma Ry. Co. v. Pepper,* 134 Tex. 360, 369–70, 135 S.W.2d 79, 84 (1940). Applied to the present case, this rationale requires that the amount of discretionary damages be deemed found.

Two issues are necessary to recover discretionary damages under § 17.50(b)(1): first, whether the conduct was committed knowingly; and second, the amount of discretionary damages to be awarded. This amount may be deemed found only if the issue of the defendant's knowledge is necessarily referable to the ground of recovery; that is, if it "gives notice of the ground of recovery or defense relied upon and which would be completed by deemed or expressed findings on omitted issues." G. Hodges, *Special Issue Submission in Texas* 206 (1959).

It cannot seriously be contended that the issue submitted did not refer to discretionary damages under § 17.50(b)(1). The defendant's knowledge is an element in a DTPA action only when discretionary damages are sought. Moreover, the Martins specifically alleged knowing conduct by McKee as the basis for such damages. There being no question raised as to the sufficiency of the evidence supporting an award of discretionary damages and no objection to the failure to submit the issue to the jury, the only course open to this court under Rule 279 is to deem that the trial judge found discretionary damages equal to the $5,400 included in the judgment. *See Harmes v. Arklatex Corp.,* 615 S.W.2d 177 (Tex.1981); *Strauss v. LaMark,* 366 S.W.2d 555 (Tex.1963); *Prairie Cattle Co. v. Fletcher,* 610 S.W.2d 849 (Tex.Civ.App.—Amarillo 1980, writ dism'd).

The cases relied on by the majority are not in point. The opinion in *Glen Falls Insurance Co. v. Peters,* 386 S.W.2d 529 (Tex.1965), and the others cited merely recognize that an independent ground of recovery is waived when *no issue* is sub-

mitted. This is not such a case. The issue of McKee's knowledge was submitted to the jury, and was answered in favor of the Martins.

It seems of no consequence that the omitted issue would have determined the amount of damages. Rule 279 makes no distinction, and the seminal decision of this court in *Wichita Falls & Oklahoma Ry. Co., supra,* included a damage issue in the negligence cluster of issues illustrating an appropriate case for a deemed finding. 134 Tex. at 372–73, 135 S.W.2d at 85. It is not necessary, however, to decide whether damages generally may be deemed found. In this case, the legislature specifically tied together the defendant's knowledge and the amount of discretionary damages to form the grounds for recovering discretionary damages under § 17.50(b)(1).

Unlike the majority, I find no language in § 17.50(b)(1) altering the result mandated by Rule 279. The statute provides: "If the trier of fact finds that the conduct of the defendant was committed knowingly, the trier of fact may award not more than three times the actual damages in excess of $1000[.]" The majority holds that a deemed finding cannot be made, emphasizing that discretionary damages are to be awarded by "the trier of fact." In a jury trial, of course, the jury is the trier of fact; therefore, the majority concludes that "[i]t was within the jury's exclusive discretion, as mandated by section 17.50(b)(1), to determine whether or not an award of treble damages under the DTPA was proper."

The majority overlooks the fact that the jury is the intended trier of fact in every case covered by Rule 279. The majority's interpretation of the words "trier of fact" is unsupported by any expression of legislative intent, and it flouts long-established rules of statutory construction. It is elementary that courts must determine the legislative intent by looking to the purpose of the act and the evil addressed. *Calvert v. Kadane,* 427 S.W.2d 605 (Tex.1968); *Wortham v. Walker,* 133 Tex. 255, 128 S.W.2d 1138 (1939); *Magnolia Petroleum Co. v. Walker,* 125 Tex. 430, 83 S.W.2d 929

(1935). Likewise, we must presume that when the legislature enacted a new provision, it was aware of the existing condition of the law, and our duty is to construe new enactments in harmony with existing law as a part of a general and uniform system of jurisprudence. *State v. Dyer,* 145 Tex. 586, 200 S.W.2d 813 (1947); *McBride v. Clayton,* 140 Tex. 71, 166 S.W.2d 125 (1942).

When the legislature amended § 17.50(b)(1) in 1979 to make certain damages discretionary with the trier of fact, its manifest purpose was to overrule *Woods v. Littleton,* 554 S.W.2d 662 (Tex.1977), insofar as *Woods* held that treble damages were mandatory. There is no indication, however, that the legislature also intended to overturn Rule 279. The rule requiring a deemed finding when no objection is raised has been a fixture in Texas appellate procedure since 1897. *See* TEX.REV.CIV.STAT. art. 1331 (Sayles 1897). Absent a clearly expressed contrary intent, we cannot presume that the legislature sought to bar enforcement of this rule. *Cf. Allen Sales & Servicenter, Inc. v. Ryan,* 525 S.W.2d 863 (Tex.1975) (court would not presume legislative intent to abolish the common law rule requiring presentment of a note prior to acceleration).

The legislative intent to make treble damages discretionary would not be frustrated by a deemed finding of the amount of discretionary damages. The damages awarded under § 17.50(b)(1) are still in the discretion of the trier of fact, but because McKee did not object to the failure to submit the issue to the jury, the trial judge became the trier of fact. *See Wichita Falls & Oklahoma Ry. Co. v. Pepper, supra.* This interpretation promotes uniformity in the law by applying Rule 279 to all cases where an issue has been omitted.

The majority has focused on one provision of the entire Deceptive Trade Practices Act, and by mechanically interpreting that provision, has defeated the express purposes of the DTPA—to protect consumers and discourage deceptive trade practices. Proper statutory construction requires instead that the legislative intent be determined

from the entire act, not just isolated portions. *State v. Terrell,* 588 S.W.2d 784 (Tex.1979); *Barr v. Bernhard,* 562 S.W.2d 844 (Tex.1978); *City of Mason v. West Texas Utilities Co.,* 150 Tex. 18, 237 S.W.2d 273 (1951); *State v. Dyer, supra.* Obedience to the dual aims of the DTPA requires that discretionary damages be awarded to protect consumers like the Martins, and to deter knowing misconduct such as that of which McKee was found guilty.

The majority, in effect, reads the words "*same* trier of fact" into § 17.50(b)(1), thus carving out an exception to rule 279 in Deceptive Trade Practice Act cases. This adverse construction cannot be reconciled with § 17.44 of the DTPA and the numerous decisions of this court mandating a liberal construction of the Act to achieve its underlying purpose to protect consumers. *See* TEX.BUS. & COM.CODE ANN. § 17.-44 (Vernon Supp.1982); *Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535 (Tex.1981); *Pennington v. Singleton,* 606 S.W.2d 682 (Tex.1980); *Woods v. Littleton,* 554 S.W.2d 662 (Tex.1977). The majority has gone to the opposite extreme by reading words into the statute to defeat recovery.

The majority treats this case as if Rule 279 did not exist. Instead of deeming that the trial judge made the necessary finding of discretionary damages, the majority holds that the Martins waived their right to these damages by failing to submit the issue to the jury. This holding does violence to the language of the statute, Rule 279, and prior decisions of this court; therefore, I dissent.