cv0-080 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-080-CV





CAPITOL AGGREGATES, INC.,



 APPELLANT


vs.





R.E.G. ENTERPRISES, INC. AND ROBERT E. GILFILLAN,



 APPELLEES



 




FROM THE DISTRICT COURT OF BASTROP COUNTY, 21ST JUDICIAL DISTRICT



NO. 19,222, HONORABLE JOHN L. PLACKE, JUDGE 



 





 A creditor brought a collection suit against a 
corporation and its sole shareholder and president. The defendants
counterclaimed, alleging that the creditor had breached the
Deceptive Trade Practices Act and the duty of good faith and fair
dealing. The trial court rendered judgment for the defendants. We
will reverse and render a take nothing judgment.



BACKGROUND


 This suit arises from Capitol Aggregates, Inc.'s
continued attempt to collect a $9,400 debt after it had been paid. 
The suit resulted in judgment against Capitol for over $1.2 million
because Capitol allegedly caused the financial ruin of the debtor
and its sole shareholder. 

 When R.E.G. Enterprises, Inc. failed to pay Capitol's
$9,416.86 gravel bill, Capitol filed a materialman's lien against
the subdivision R.E.G. was developing and for which it had
purchased the gravel. Three months later, Capitol sued R.E.G. to
collect the debt and foreclose its lien. In the same lawsuit,
Capitol alleged that R.E.G. and its president, Robert Gilfillan,
had violated the contractor's trust fund statute, Tex. Prop. Code
Ann. §§ 162.001 - .033 (1984 & Supp. 1991). Capitol immediately
served interrogatories and a request for admissions.

 In an attempt to settle the dispute, R.E.G. directly paid
Capitol the principal amount of its claim in return for a release. 
The parties dispute the scope of this release. However, appellees
allegedly believed that all of Capitol's claims against them were
settled, so they disregarded Capitol's discovery requests.

 Capitol's attorney, Geoffrey Price, apparently did not
realize that R.E.G. had paid Capitol. One month after the
attempted settlement, he filed a motion for summary judgment as to
all of Capitol's claims, arguing that the allegations in Capitol's
request for admissions were deemed admitted due to appellees'
failure to respond.

 Only R.E.G. replied to Capitol's motion, pleading payment
and release and requesting dismissal of the suit. R.E.G. also
moved for sanctions against Capitol and Price, complaining that
they continued to prosecute a claim that had been paid. Price then
supplemented Capitol's motion for summary judgment to acknowledge
payment of its principal claim. However, Price continued to demand
$3,150 in attorney's fees and $2,500 in exemplary damages and
costs. The trial court denied both Capitol's motion for summary
judgment and R.E.G.'s motion for sanctions.

 Several months later, appellees counterclaimed against
Capitol in the same lawsuit. Appellees contended that, by pursuing
its claim after R.E.G. had paid it, Capitol had breached a duty of
good faith and fair dealing and the Deceptive Trade Practices Act,
Tex. Bus. & Com. Code Ann. §§ 17.41 - .63 (1987 & Supp. 1991)
("DTPA"). At trial, appellees claimed that Capitol's lawsuit had
created a cloud on R.E.G.'s title to its subdivision. Appellees
asserted that Capitol's conduct caused R.E.G. to lose sales and
appellees' lenders to foreclose on R.E.G.'s subdivision and on
Gilfillan's residence.

 The jury found that Capitol, in its dealings with
Gilfillan, had breached the DTPA and a duty of good faith and fair
dealing. There were no issues as to R.E.G. The jury found the
following damages as to Gilfillan: $562,165 for loss of the
subdivision, $15,000 for loss of his house, $115,000 for damage to
his credit, $100,000 for mental anguish, $300,000 for exemplary
damages, and $28,783.02 for attorneys' fees. The trial court
rendered judgment for both Gilfillan and R.E.G. for the amount of
the verdict, plus treble damages under the DTPA and $115,287.75 in
prejudgment interest.



THE CONTROVERSY


 Capitol brings eighteen points of error, relating to the
jury charge, the sufficiency of the evidence, the procedure at
trial and appellees' failure to respond to discovery. We will
address Capitol's contentions that: (1) the verdict does not
support the judgment as to R.E.G.; and (2) the evidence is
insufficient to support the verdict as to Gilfillan.



DISCUSSION AND HOLDINGS


I. CAPITOL'S LIABILITY TO R.E.G.

 First, Capitol complains that the verdict does not
support the judgment as to R.E.G. because the jury did not find
Capitol liable to R.E.G. We agree.

 A plaintiff waives a claim if he fails to request jury
issues as to that claim. Martin v. McKee Realtors, Inc., 663
S.W.2d 446, 448 (Tex. 1984); Wilhite v. Adams, 640 S.W.2d 875, 877
(Tex. 1982). In this case, R.E.G. wholly failed to request any
issues regarding its claims against Capitol. Therefore, R.E.G. has
waived its claims.

 Appellees contend that Capitol did not preserve its
complaint because Capitol failed to request an issue regarding its
liability to R.E.G. A defendant has no duty to request issues as
to the plaintiff's cause of action, however. See Martin, 663
S.W.2d at 448. Accordingly, Capitol did not need to request issues
as to R.E.G. to preserve its error.



I. THE VERDICT AS TO GILFILLAN

 Capitol next complains about Gilfillan's judgment. In
its answers to the only issues dealing with liability, the jury
found that, as to Gilfillan, Capitol violated the DTPA and breached
the duty of good faith and fair dealing. Capitol contends that
there was no evidence to support these findings. (1) We agree.



 A. Gilfillan's Deceptive Trade Practices Claim

 Only a "consumer" may bring a private action for
deceptive trade practices. Tex. Bus. & Com. Code Ann. § 17.50(a)
(1987); Flenniken v. Longview Bank & Trust Co., 661 S.W.2d 705, 706
(Tex. 1983). The term "consumer" includes an individual "who seeks
or acquires by purchase or lease, any goods or services." Tex.
Bus. & Com. Code Ann. § 17.45(4). There are two elements of
"consumer" status: (1) the plaintiff must have sought or acquired
goods or services by purchase or lease; and (2) the goods or
services purchased or leased must form the basis of the plaintiff's
complaint. Melody Home Mfg. Co. v. Barnes, 741 S.W.2d 349, 351-352
(Tex. 1987). The plaintiff carries the burden of proving that he
satisfies both elements of this test. Farmers & Merchants State
Bank v. Ferguson, 617 S.W.2d 918 (Tex. 1981).

 Gilfillan has not satisfied the first element of the
consumer status test. (2) In this respect, Gilfillan does not contend
that he is a consumer as to the gravel transaction between Capitol
and R.E.G. Rather, Gilfillan relies solely on the release Capitol
executed when R.E.G. paid its principle claim. However, a release
of a claim is not a transaction in goods or services if the
complaining party was not involved in the underlying transaction in
goods or services.

 Gilfillan insists that a party to an instrument may sue
under the DTPA for misrepresentations associated with that
instrument. Gilfillan cites Aetna Casualty & Surety Co. v.
Marshall, 724 S.W.2d 770 (Tex. 1987), in support of his argument. 
Marshall does not establish, however, that a party to an instrument
is a consumer under the DTPA. Rather, Marshall holds that a
plaintiff who sues under article 21.21 of the Texas Insurance Code
need not satisfy the DTPA's consumer status test. Marshall, 724
S.W.2d at 772.

 In this case, Gilfillan sued under the DTPA. 
Accordingly, he had the burden of proving that he was a consumer. 
Because no evidence exists that Gilfillan was a consumer, he cannot
recover for Capitol's alleged breach of the DTPA.

 Gilfillan also argues that Capitol has waived its
complaint that Gilfillan is not a consumer. First, Gilfillan
argues that Capitol judicially admitted that he is R.E.G.'s alter
ego because Capitol prayed for joint and several relief in its
petition. Second, Gilfillan contends that Capitol failed to
preserve error because it did not timely object to the issues
regarding its liability to Gilfillan or tender issues of its own.

 Capitol's prayer for joint and several relief is not a
judicial admission that Gilfillan is R.E.G.'s alter ego. It is
true that allegations in a petition constitute formal judicial
admissions which are conclusive against the pleader. Beta Supply,
Inc. v. G.E.G. Power Cooling Systems, Inc., 748 S.W.2d 541, 542
(Tex. App. 1988, writ den'd). An assertion may not be a judicial
admission, however, unless it is deliberate, clear and unequivocal. 
Catherman v. First State Bank, 796 S.W.2d 299, 302 (Tex. App. 1990,
n.w.h.); Kirby Forest Industries v. Kirkland, 772 S.W.2d 226, 233
(Tex. App. 1989, writ den'd); American Casualty Co. v. Conn, 741
S.W.2d 536, 539 (Tex. App. 1987, no writ). We must evaluate the
allegation in its context to determine whether it is a judicial
admission. See Blieden v. Greenspan, 751 S.W.2d 858, 859 (Tex.
1988).

 In this case, the prayer for joint and several relief in
Capitol's petition does not rise to the level of a judicial
admission. The petition alleges an action on a debt only as to
R.E.G. The petition also alleges an action under the contractor's
trust fund statute against both R.E.G and Gilfillan. A fair
reading of the prayer, in the context of the entire petition,
indicates that Capitol requested joint and several relief only as
to the trust fund action. At the very least, the petition is
unclear and equivocal as to whether Capitol sought relief against
Gilfillan on the gravel debt. We hold, therefore, that the prayer
for joint and several relief is not an admission that Gilfillan is
the alter ego of R.E.G.

 Further, Capitol properly preserved error as to this
point. Gilfillan contends that Capitol should have specifically
objected, before the charge was read to the jury, that there was no
evidence of Gilfillan's consumer status. We disagree.

 Capitol presents a "no evidence" point of error. A party
may preserve a "no evidence" point in one or more of the following
ways: (1) a motion for instructed verdict; (2) an objection to
submission of the issue to the jury; (3) a motion to disregard the
jury's answer to a vital fact issue; (4) a motion for judgment
notwithstanding the verdict; or (5) a motion for new trial. Steves
Sash & Door Co. v. Ceco Corp., 751 S.W.2d 473, 477 (Tex. 1988). 
Capitol filed a motion for judgment notwithstanding the verdict,
specifically stating that there was no evidence to support the
jury's findings. Capitol need not have also specifically objected
to the issues prior to submission. See Anderson Machinery Co. v.
Harber, 584 S.W.2d 480, 482 (Tex. Civ. App. 1979, no writ).



 B. Duty of Good Faith and Fair Dealing

 The next issue is whether Gilfillan may recover for
breach of a duty of good faith and fair dealing. Generally, a duty
of good faith and fair dealing does not exist in every contract. 
English v. Fischer, 660 S.W.2d 521, 522 (Tex. 1983). The duty may
arise, however, from "a special relationship between the parties
governed or created by a contract." Arnold v. Nat'l County Mutual
Fire Ins. Co., 725 S.W.2d 165, 167 (Tex. 1987).

 No evidence exists of a special relationship between
Capitol and Gilfillan that would justify implication of the duty in
this case. The only relationship here existed between Capitol and
R.E.G. -- R.E.G. was the entity that purchased the gravel from
Capitol, incurred the debt to Capitol, and then defaulted on that
debt. Consequently, Gilfillan cannot recover for breach of the
duty of good faith and fair dealing.



 C. Gilfillan's Relationship to R.E.G.

 In support of his judgment, Gilfillan contends that he is
R.E.G.'s alter ego and that he can recover personally because he
was indirectly injured by Capitol's actions. We disagree.

 First, we do not agree that Gilfillan may recover as
R.E.G.'s alter ego. When a corporation is merely the alter ego of
a shareholder, the law will disregard the corporate fiction and
treat the shareholder and the corporation as a single entity. 
Mancorp, Inc. v. Culpepper, 34 Sup. Ct. J. 157, 158 (December 12,
1990); Castleberry v. Branscum, 721 S.W.2d 270, 271 (Tex. 1986). 
A shareholder may not, however, choose for himself when to
disregard the corporate shield. Delta Pipe Fabricators, Inc. v.
Bullock, 638 S.W.2d 652, 653 (Tex. App. 1982, writ ref'd n.r.e.);
Texaco, Inc. v. Calvert, 526 S.W.2d 630, 634 (Tex. Civ. App. 1975,
writ ref'd n.r.e.). Accordingly, Gilfillan may not opt to
disregard the corporate shield merely because that would benefit
him. Even if he could do so, he has waived that option because he
failed to request a finding that he is R.E.G.'s alter ego. See
Martin v. McKee Realtors, Inc., 663 S.W.2d 446, 448 (Tex. 1984)

 Second, we do not agree that Gilfillan may recover
because he was indirectly injured by Capitol's alleged misconduct. 
A shareholder cannot recover damages personally for a wrong done
solely to the corporation, even though he may be injured by that
wrong. Wingate v. Hajdik, 795 S.W.2d 717, 719 (Tex. 1990). 
Rather, the law requires the corporation to bring its own actions
in order to avoid multiple recovery and to protect the
corporation's creditors' claims against the corporation's assets. 
Id. Thus, Gilfillan may not recover for his injuries resulting
from R.E.G.'s downfall.



CONCLUSION


 The trial court erred in granting judgment for R.E.G.
because the jury did not find Capitol liable to R.E.G. in any
respect. The trial court further erred in granting judgment for
Gilfillan because no evidence exists to support the verdict for
him. Gilfillan was not a consumer under the DTPA in this case. 
Moreover, Capitol did not owe Gilfillan a duty of good faith and
fair dealing. Finally, Gilfillan cannot recover for Capitol's
alleged wrongs to R.E.G. in this case.

 Capitol's points of error one, two, five, and seven are
sustained. Because we determine this appeal on these points, we
will not address Capitol's remaining points of error. We reverse
the trial court's judgment and render a take nothing judgment
against R.E.G. and Gilfillan. 



 

 Jimmy Carroll, Chief Justice

[Before Chief Justice Carroll, Justices Powers and Jones]

Reversed and Rendered

Filed: January 30, 1991

[Do Not Publish]

1.   In deciding a "no evidence" point, we consider only the
evidence which, viewed in its most favorable light, supports the
fact finding. Glover v. Texas General Indemnity Co., 619 S.W.2d
400, 401 (Tex. 1982). We must reject all evidence contrary to
the verdict. Glover, 619 S.W.2d at 401. If no evidence exists
as to a material element of the plaintiff's case, we must reverse
and render judgment unless justice requires that we remand for
new trial. Mobil Oil Corp. v. Frederick, 621 S.W.2d 595, 596
(Tex. 1981).
2.   In his brief, Gilfillan focuses on the second part of the
consumer status test, citing Flenniken, 661 S.W.2d 705, for the
proposition that the DTPA applies to legal proceedings that arise
from a transaction involving goods or services. We express no
opinion as to whether the DTPA applies to collection suits.