# INWOOD NORTH HOMEOWNERS' ASSOCIATION, INC., Appellant,

v.

## Steven T. WILKES, Appellee.

### No. B14–90–0605–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 25, 1991.

tonio 1989), in which it was undisputed that appellant failed to state the points to be relied

Lou W. Burton, Houston, for appellant.

Steven T. Wilkes, Houston, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

JUNELL, Justice.

This is an appeal from a default judgment in favor of appellant, Inwood North Homeowners' Association, Inc. (Inwood), upon on appeal.

against Steven T. Wilkes (Wilkes). Appellant brings two points of error alleging that the trial court abused its discretion by: (1) reducing appellant's request for attorney's fees; and (2) limiting appellant's recovery of appellate attorney's fees to recovery in the event of an appeal by Wilkes. We affirm.

Appellant, a Texas non-profit homeowners' association, brought an action against Wilkes, a homeowner, to recover delinquent assessments, interest, costs, and attorney's fees, and for foreclosure of its lien securing payment of same pursuant to the Declaration of Covenants and Restrictions–Inwood North, Section Seven. The assessments are to be paid, under the Declaration signed by Wilkes, in order to provide maintenance, preservation and architectural control of the residential lots and houses, and to provide overall supervision of all affairs of the sub-division. Wilkes was delinquent in paying his assessments, and Inwood sued to recover the delinquent amount. The trial court rendered a default judgment in favor of appellant granting all relief sought except in the area of attorney's fees. It is the reduction of attorney's fees upon which appellant bases its appeal.

In its first point of error appellant claims that the trial court erred in reducing the attorney's fees from $1,486.45, the amount requested by appellant, to $500.00. Appellant contends that since the evidence on the issue of attorney's fees was undisputed, the trial court abused its discretion by reducing the amount.

Appellant relies on the recent Texas Supreme Court case of *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880 (1990), claiming it is factually and legally applicable to the instant case.

■ It is a general rule that the testimony of an interested witness, though uncontradicted, does no more that raise a fact issue to be determined by the jury. *Ragsdale*, at 882 (quoting *Cochran v. Wool Growers Central Storage Co.*, 140 Tex. 184, 166 S.W.2d 904, 908 (1942)). But there is an exception to this general rule, which is that where the testimony of an interested witness is not contradicted by any other witness, or attendant circumstances, and the same is clear, direct and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon, it is taken as true as a matter of law. *Id.* The exception is *especially true* where the opposing party has the means and opportunity of disproving the testimony, if it is not true, and fails to do so, i.e. failure to contradict is another factor to be considered by the court. *Ragsdale*, at 882 (quoting *Anchor Casualty Co. v. Bowers*, 393 S.W.2d 168, 169–170 (Tex.1965) (emphasis in original)). But, a fact issue may be raised when there are circumstances in evidence tending to discredit or impeach the testimony of the interested witness. *Id.*

■ The Texas Supreme Court went on to state that it did not mean to imply that in every case when uncontradicted testimony is offered it mandates an award of the amount claimed. If the evidence is unreasonable, incredible, or its belief is questionable, then such evidence would only raise a fact issue to be determined by the trier of fact. *Ragsdale*, at 882. In order for the court to award an amount of attorneys' fees as a matter of law, the evidence must not be contradicted by any other witness or attendant circumstances, and the same must be clear, direct and positive, and free from contradiction, inaccuracies and circumstances tending to cast suspicion thereon. *Id.* Further, the Court held that the same rule applies in default judgment situations and the trial court could award the requested amount of attorneys' fees as a matter of law unless it found the fees to be unreasonable, unwarranted, or some other circumstances that would make an award of the uncontroverted claim wrong. *Id.*

■ In the case at hand, the evidence as to the amount of attorney's fees was uncontroverted by any testimony. Appellant therefore contends that it was error for the trial court to reduce the award requested. This would be true unless the trial court found that attendant circumstances contradicted the requested fees. In findings of fact the trial court expressly took into consideration the contents of the file, the

amount in controversy, and the fact that Wilkes did not contest the suit. Based on those considerations the court found the sum of $500.00 to be a reasonable attorney's fee to be awarded to Inwood for services rendered through the trial. The things considered by the trial court are "attendant circumstances" that factually distinguish this case from Ragsdale. At the very least the amount in controversy in the present case, $649.44, is an attendant circumstance tending to cast suspicion on the uncontradicted evidence regarding the attorney's fee. Also, the contents of the file would give the trial court information concerning the legal services rendered and would have led the trial court to find $500 to be a reasonable fee rather than the amounts requested by appellant. Thus, under the facts of this case the amount to be awarded as an attorney's fee presented a fact issue for determination by the trial court, and there was no abuse of discretion in awarding $500 rather than the amount requested. Appellant's first point of error is overruled.

In its second point of error appellant complains that the trial court erred in conditioning the award of appellate attorney's fees on the defendant's appeal. If Wilkes appealed the fees were awarded to appellant. If not, appellant was to receive no appellate attorney's fees.

Whether the trial court awards appellate attorneys' fees is a matter within the sound discretion of the trial court. We cannot say that the trial court abused its discretion in conditioning appellant's award on whether or not Wilkes appealed. Appellant argues that if it is successful on appeal it would be entitled to recover attorney's fees. Such an argument is moot since appellant has not been successful in appeal. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.