Peggy DISBROW, Appellant

v.

James Sean HEALEY, Appellee.

No. 01–97–01331–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 6, 1998.

William E. King, Kemah, for Appellants.

Albert Lee Giddens, Pasadena, Russell B. Starbird, Houston, for Appellees.

Before O'CONNOR, TAFT, and SMITH,* JJ.

## OPINION

TAFT, Justice.

This case involves a suit by a lawyer to recover fees from a former client. Appellant, Peggy Disbrow, appeals a judgment in favor of appellee, James Sean Healey. We ad-

* The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

dress whether a trial court can award attorney's fees based on uncontroverted expert testimony without submitting to the jury a requested issue. We reverse.

### Facts

Disbrow hired Healey to represent her in her divorce proceedings. A property settlement was reached which included an award of approximately $200,000 in stock to Disbrow. The divorce decree stated the stock would be delivered to Disbrow in care of Healey's office. Shortly after the divorce decree·was entered, but before the delivery of the stock, Healey submitted his final bill to Disbrow in the amount of $14,268.14. Disbrow, having already paid $4,500 to Healey, refused to pay the final bill, offering instead to pay an additional $4,000, which Healey refused.

Disbrow asked the brokerage house to send the stock directly to her, because she was concerned that Healey would use the stock as leverage to force her to pay his bill. At first the brokerage house refused, but eventually the stock was delivered to Disbrow. Healey then sued Disbrow for the balance of the fees Healey claimed he was owed, and joined the brokerage house, alleging it had conspired with Disbrow to defraud him by delivering the stock to Disbrow. Disbrow counterclaimed, alleging breach of fiduciary duty and breach of contract against Healey.

The parties tried the case to a jury in July 1997. During the trial, each party sought to recover attorney's fees incurred in connection with the case. Counsel for both Disbrow and Healey agreed to present their testimony concerning attorney's fees in narrative form without cross-examination.[1] Healey's counsel testified that Healey had incurred $26,910 in attorney's fees in connection with the case. Disbrow's counsel testi-

fied that Disbrow had incurred $14,081 in attorney's fees.

At the conclusion of the evidence, the court held a formal charge conference. The proposed questions presented to the trial court asked the jury to determine: (1) the balance of the attorney's fees Disbrow owed to Healey for his work on the underlying divorce case; (2) whether Disbrow and the brokerage house engaged in a civil conspiracy; (3) what damages Healey incurred due to the civil conspiracy between Disbrow and the brokerage house; (4) what exemplary damages Healey incurred due to the civil conspiracy between Disbrow and the brokerage house; (5) what reasonable and necessary attorney's fees Healey's attorney incurred in prosecuting the current action; (6) whether Healey breached a fiduciary duty to Disbrow; (7) what damages Disbrow incurred due to Healey's breach of his fiduciary duty; (8) what exemplary damages Disbrow incurred due to Healey's breach of his fiduciary duty; (9) whether Healey breached his agreement to represent Disbrow in the underlying divorce action; and (10) what reasonable and necessary attorney's fees Disbrow's attorney incurred in defending the current action.

At the charge conference, Healey objected to the submission of both his and Disbrow's questions concerning attorney's fees on the ground that the fees about which each lawyer testified were uncontroverted, and, therefore, it was unnecessary to submit those questions to the jury because those amounts had been established as a matter of law.[2] Healey's attorney argued that, depending upon the jury's answers to the submitted questions, the trial court could perform the ministerial act of adding to the judgment the uncontroverted attorney's fees of the prevailing party.

The trial court included only two questions in the jury charge: (1) the amount of attorney's fees Disbrow owed to Healey for his

---

1. The parties did not stipulate that the attorney's fees requested by either side were reasonable or necessary.

2. Healey's attorney objected as follows: "Comes now James Sean Healey, Plaintiff in this case, and would object to the submission of Question No. 2, which is the attorney's fees for Mr. Healey in bringing this case for the reason that the attorney's fees were uncontroverted. So, it's unnecessary for the jury to consider those award damages because they have not been controverted. In fact, the Defendant also testified that all the work was done that I testified to and that the charges on appeal were the same charges I testified to."

work on the underlying divorce case;[3] and (2) whether Healey, by overcharging Disbrow or by breaching his fiduciary duty to her, failed to comply with the agreement to represent Disbrow in the underlying divorce case.[4] The trial court ruled that (1) because the testimony concerning the attorney's fees incurred by both parties was not controverted, the court would award to the party receiving a favorable jury verdict the amount testified to by his or her attorney and (2) in the event both Healey and Disbrow received a favorable answer to their respective jury questions, the fees would be offset by reducing the larger amount of fees claimed by one party by the smaller amount claimed by the other. Disbrow objected to the trial court's refusal of Healey's question concerning the attorney's fees incurred by his lawyer in prosecuting the current suit and to the trial court's failure to submit her question concerning the attorney's fees incurred by her lawyer in defending the suit. The basis of Disbrow's objection was that the jury should be given the opportunity to determine if the attorney's fees were necessary.

The case was submitted to the jury, which found that (1) Disbrow owed Healey a balance of $5,303.83 for his representation in the underlying divorce action, and (2) Healey breached his agreement to represent Disbrow in the underlying divorce action. On August 14, 1997, the court signed a final judgment which awarded Healey $5,303.83 in damages plus prejudgment interest in the amount of $774 .74, and $16,526.50 in attorney's fees.

In two points of error, Disbrow contends that the trial court erred in (1) entering a judgment in favor of Healey for attorney's fees after Healey had withdrawn his proposed question on attorney's fees, and (2) refusing to submit jury questions regarding each parties' attorney's fees, and entering instead a judgment that offset the attorney's fees.

## Removal of Question of Attorney's Fees from Jury Charge

 Disbrow's second point of error alleges that the court erred in refusing to submit her questions concerning the reasonableness and necessity of her attorney's fees. Additionally, Disbrow contends that no cases support taking attorney fee issues away from the jury, and that even if the evidence is uncontroverted, the attorney's fees question is a question of fact to be submitted to the jury. Disbrow further challenges the court's refusal to submit the issue of Healey's attorney's fees to the jury, arguing that Healey's testimony regarding his attorney's fees was not clear, direct, and positive, nor free from contradiction, inaccuracies, and suspicious circumstances.

 Ordinarily, a trial court has broad discretion in submitting jury questions. *Roy v. Howard–Glendale Funeral Home*, 820 S.W.2d 844, 846 (Tex.App.—Houston [1st Dist.] 1991, writ denied). If an issue is conclusively established as a matter of law, the question should not be submitted to the jury. *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 222–23 (Tex.1992). However, a party is entitled to a jury question, instruction, or definition if the issue is raised by the written pleadings and the evidence. TEX.R.CIV.P. 278. Rule 278 provides a sub-

---

3. Question number one asked, in pertinent part, "What sum of money, if paid now in cash, would fairly and reasonably compensate JAMES SEAN HEALEY for his damages, if any, that resulted from PEGGY DISBROW'S failure to pay JAMES SEAN HEALEY'S attorney's fees?"

4. Question number two reflected a combination and modification of two separate questions submitted by Disbrow concerning breach of fiduciary duty and breach of the representation agreement. The question asked, in pertinent part, "Did JAMES SEAN HEALEY fail to comply with the agreement to represent PEGGY DISBROW in her divorce case? You may find that JAMES SEAN HEALEY failed to comply with the agreement if you find: (1) JAMES SEAN HEALEY charged PEGGY DISBROW more than they agreed or (2) JAMES SEAN HEALEY breached his fiduciary duty to PEGGY DISBROW."

The parties agreed that the only damages Disbrow proved concerning Healey's breach of their agreement was $2,000 in attorney's fees incurred in her successful attempt to obtain the stock from the brokerage house. Therefore, any damages flowing from jury question number two were subsumed in the amount of attorney's fees to which her counsel testified.

stantive, nondiscretionary directive to trial courts requiring them to submit requested questions to the jury if the pleadings and any evidence support them. TEX.R.CIV.P. 278; *Elbaor v. Smith,* 845 S.W.2d 240, 243 (Tex. 1992). If there is evidence to support the submission of the question to the jury, the trial court's refusal to submit such question is reversible error. *Southwestern Bell Tel. Co. v. Thomas,* 554 S.W.2d 672, 674 (Tex. 1977); *Neuro–Dev. Assoc. v. Corporate Pines Realty,* 908 S.W.2d 26 (Tex.App.—Houston [1st Dist.] 1995, writ denied).

As a general rule, the testimony of an interested witness, such as an attorney who testifies concerning the fees incurred in representing his client, though not contradicted, does no more than raise a fact issue to be determined by the jury. *Ragsdale v. Progressive Voters League,* 801 S.W.2d 880, 882 (Tex.1990). Furthermore, the reasonableness of attorney's fees is generally one of fact. *Sea Hoss Marine Enters., Inc. v. Angleton Bank of Commerce,* 536 S.W.2d 592, 597 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd n.r.e.). There is an exception to this rule when the testimony of an interested witness is not contradicted by any other witness, or attendant circumstances, and the same is clear, direct and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon. *Ragsdale,* 801 S.W.2d at 882. In such a situation, the testimony is taken as true, as a matter of law. *Id.* This exception applies with special force when the interested witness's testimony is capable of being readily controverted if untrue, yet is left uncontroverted. *Schwartz v. Pinnacle Communications,* 944 S.W.2d 427, 434 (Tex.App.—Houston [14th Dist.] 1997, no writ).

However, the Texas Supreme Court has cautioned that not every case in which uncontradicted testimony is offered mandates an award of the amount claimed. *Ragsdale,* 801 S.W.2d at 882. A jury may still find uncontroverted testimony unreasonable if the attendant circumstances contradict the requested fees. *See Stewart Title Guar. Co. v. Aiello,* 911 S.W.2d 463, 477 (Tex.App.—El Paso 1995) (holding it is not error for jury to reduce uncontested attor-

ney's fees), *rev'd on other grounds,* 941 S.W.2d 68 (Tex.1997); *see also Bethel v. Butler Drilling Co.,* 635 S.W.2d 834, 842 Tex. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.) (holding jury can award less than uncontradicted evidence supported for attorney's fees). Reasonable value is a question for the court only when there is no jury. *Loom Treasures, Inc. v. Terry Minke Advertising Design, Inc.,* 635 S.W.2d 940, 942 (Tex. App.—Fort Worth 1982, no writ) (citing *Shambaugh v. Bellar,* 54 S.W.2d 550 (Tex. Civ.App.—Beaumont 1932, no writ)). The determination of reasonable and necessary attorney's fees is a question for the jury when it is the trier of fact. *Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1, 12 (Tex. 1991). Furthermore, it is the province of the jury to weigh the testimony of the attorneys regarding the value of the services by reference to the nature of the services, the time occupied in their performance, and other attending circumstances, and by applying to the evidence the jury's own experience and knowledge of the character of such services. *Edwards v. Holleman,* 893 S.W.2d 115, 118 (Tex.App.—Houston [1st Dist.] 1995, writ denied).

The Texas Constitution gives litigants a broad right to a jury trial, and courts must not lightly deprive individuals of this right by taking an issue away from the jury. *Universe Life Ins. Co. v. Giles,* 950 S.W.2d 48, 56 (Tex.1997). Therefore, in order for the court to grant the attorney's fees as a matter of law, the evidence must fit the exception. *Ragsdale,* 801 S.W.2d at 882. If the evidence is unreasonable, incredible, or its belief questionable, then such evidence would only raise a fact issue to be determined by the trier of fact. *Id.*

According to Disbrow, the testimony of Healey's attorney does not fall within the exception because, although the testimony is uncontroverted, it is not clear, direct, and positive, as well as free from contradiction, inaccuracies, and suspicious circumstances. *See Ragsdale,* 801 S.W.2d at 882. Specifically, Disbrow contends that: (1) Healey's attorney testifies to what he "understood" to be reasonable attorney's fees in Galveston County for another attorney who previously

worked on Healey's case; (2) his testimony is general, not concise or clear, with no itemization of the time spent on the various items; (3) his fees are more than twice the amount of the damages claimed; (4) he does not allocate his fees between the claims against Disbrow and the brokerage house; and (5) his fees are more than twice the amount of Disbrow's fees.

Because no cases support removal of the question of attorney's fees from the jury, and because we agree that the attendant circumstances create a sufficient basis for the jury to award an amount less than the amount claimed by Healey, we hold that the trial court abused its discretion in withdrawing the issue of attorney's fees from the jury and that the error probably did cause the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a)(1). We sustain Disbrow's second point of error.

Because we reverse and remand as a result of sustaining point of error two, we need not address Disbrow's first point of error.

### Conclusion

We reverse the judgment of the trial court and remand for proceedings consistent with this opinion.