Toshi McCORD, Appellant,

v.

Edwin Scott DODDS, Appellee.

No. 13–00–108–CV.

Court of Appeals of Texas,
Corpus Christi.

Aug. 16, 2001.

Roger L. Turk, Thomas J. Henry, Law Office of Thomas J. Henry, Corpus Christi, for appellant.

Deborah R. Sundermann, F. Edward Barker, Barker & King, Corpus Christi, for appellee.

Before Justices HINOJOSA, CASTILLO, and AMIDEI.[1]

## OPINION

FREDERICO G. HINOJOSA, Justice.

Appellant, Toshi McCord, appeals from the trial court's order granting summary judgment in favor of appellee, Edwin Scott Dodds ("Edwin"), on limitations grounds. In two issues, appellant contends the trial court erred in granting Edwin's motion for summary judgment because she used due diligence in serving Edwin with process

---

1. Former Justice Maurice Amidei, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

and the equitable exception doctrine applies. We affirm.

## 1. *Factual and Procedural Background*

On October 1, 1998, appellant, Toshi McCord, sued "Scott Dodds" for damages arising out of an automobile accident which occurred on July 21, 1997. According to the police report filed the day after the accident, the driver of the vehicle was Edwin Scott Dodds. Appellant served Edwin's father, Raymond Scott Dodds ("Raymond"), with citation on January 12, 1999. On January 21, 1999, Raymond filed his original answer, and on March 2 and 3, 1999, he responded to appellant's discovery requests. In his responses, Raymond gave his full name, denied he was the operator of the vehicle, and named Edwin as the proper party to the suit. On July 28, 1999, Raymond amended his answer and asserted that appellant had sued the wrong party. On July 30, 1999, eight days after limitations expired, appellant served Edwin with citation.

On August 11, 1999, Raymond filed a "no evidence" motion for summary judgment under Texas Rule of Civil Procedure 166a(i). The trial court granted the motion on September 24, 1999. Appellant does not contend the trial court erred in granting Raymond's motion for summary judgment.

On September 2, 1999, Edwin filed a "traditional" motion for summary judgment under Texas Rule of Civil Procedure 166a(c). Edwin contended appellant's claims were time-barred because appellant did not serve him with process until after limitations had expired. The trial court granted Edwin's motion on September 24, 1999. Appellant contends the trial court erred in granting Edwin's motion for summary judgment.

## 2. *Standard of Review*

A motion for summary judgment must expressly state the grounds upon which it is made. Tex.R.Civ.P. 166a(c); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 339 (Tex.1993). Summary judgments may not be affirmed or reversed on grounds not expressly set forth in the motions presented to the trial court. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex.1979); *City of Mission v. Ramirez*, 865 S.W.2d 579, 581 (Tex.App.—Corpus Christi 1993, no writ). A motion for summary judgment must stand or fall on the grounds expressly presented in the motion, and a court may not rely on briefs or summary judgment evidence in determining whether grounds are expressly present. *McConnell*, 858 S.W.2d at 341. The proper inquiry on appeal is whether the defendant, in seeking summary judgment, fulfilled his initial burden (1) to establish as a matter of law that there remained no genuine issue of material fact as to one or more essential elements of the plaintiff's cause of action or (2) to establish his affirmative defense to the plaintiff's cause of action as a matter of law. *Casso v. Brand*, 776 S.W.2d 551, 556 (Tex.1989); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant must be taken as true. *Nixon*, 690 S.W.2d at 548–49. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor. *Id.* at Once the movant establishes an affirmative defense which would bar the suit as a matter of law, the non-movant must produce summary judgment proof raising a fact issue in avoidance of the affirmative defense. *Gonzalez v. City of Harlingen*,

814 S.W.2d 109, 112 (Tex.App.—Corpus Christi 1991, writ denied).

### 3. *Due Diligence*

In her first issue, appellant contends the trial court erred in granting Edwin's motion for summary judgment because she used due diligence in serving Edwin with process.

■ A plea of limitations is an affirmative defense. *Woods v. William M. Mercer, Inc.,* 769 S.W.2d 515, 517 (Tex.1988). To "bring suit" within the two-year limitations period prescribed by section 16.003 of the Texas Civil Practice and Remedies Code, a plaintiff must not only file suit within the applicable limitations period, but must also use diligence to have the defendant served with process. TEX.CIV. PRAC. & REM.CODE ANN. § 16.003 (Vernon 1986 & Supp.2001); *Gant v. DeLeon,* 786 S.W.2d 259, 260 (Tex.1990).

■ When a suit is timely filed, but the defendant is not served until after the limitations period expires, the date of service relates back to the date of filing if the plaintiff exercised diligence in effecting service. *Id.* at 260 (citing *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889, 890 (Tex. 1975) (per curiam)). The standard of diligence required is "that diligence to procure service which an ordinarily prudent person would have used under the same or similar circumstances." *Hansler v. Mainka,* 807 S.W.2d 3, 4–5 (Tex.App.—Corpus Christi 1991, no writ) (citing *Reynolds v. Alcorn,* 601 S.W.2d 785, 788 (Tex.Civ. App.—Amarillo 1980, no writ)). Whether the plaintiff was diligent in effecting service is normally a question of fact, but if no excuse is offered for a delay or if the lapse of time and the plaintiff's acts are such as conclusively negate diligence, lack of diligence will be found as a matter of law. *See, e.g., Perry v. Kroger Stores, Store No. 119,* 741 S.W.2d 533, 534 (Tex.App.—Dallas 1987, no writ); *Liles v. Phillips,* 677 S.W.2d 802, 809 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.).

Texas courts have held that due diligence was lacking as a matter of law based on lapses of various periods of times from as long as seventeen and one-half months to as short as four months. *Rigo Mfg. Co. v. Thomas,* 458 S.W.2d 180, 182 (Tex.1970) (seventeen and one-half months between filing and service); *Taylor v. Thompson,* 4 S.W.3d 63, 65 (Tex.App.—Houston [1st Dist.] 1999, pet. denied) (unexplained four-month lapse after suit was filed, and service of process requested only two days before statute of limitations ran); *Hansler,* 807 S.W.2d at 5 (five months between expiration of statute of limitations and service); *Liles,* 677 S.W.2d at 809 (ten months between expiration of statute of limitations and service); *Hamilton v. Goodson,* 578 S.W.2d 448, 449 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ) (six-and-one-half month unexplained lapse); *Allen v. Bentley Lab., Inc.,* 538 S.W.2d 857, 860 (Tex. Civ.App.—San Antonio 1976, writ ref'd n.r.e.) (six months between filing and service); *Buie v. Couch,* 126 S.W.2d 565, 566–67 (Tex.Civ.App.—Waco 1939, writ ref'd) (less than four months between filing and issuance of citation and one month between issuance and service).

Courts have recognized that some lapses of time may conclusively negate diligence. *Taylor v. Thompson,* 4 S.W.3d at 65 (excuse for delay based on confusion due to different last names not considered due diligence); *Sanchez v. Providence Mem. Hosp.,* 679 S.W.2d 732, 733 (Tex.App.—El Paso 1984, no writ) (explanation that appellant believed party had been served because of conduct of counsel insufficient to constitute due diligence); *Reynolds,* 601 S.W.2d at 788 (plaintiff's excuses for delay did not constitute due diligence); *McGuire v. F.D.I.C.,* 561 S.W.2d 213, 215–16 (Tex.

Civ.App.—Houston [1st Dist.] 1977, no writ) (plaintiffs failed to give reasonable excuse for delay when they had two addresses of defendant); *Klemm v. Schroeder,* 204 S.W.2d 675, 677 (Tex.Civ.App.—San Antonio 1947, no writ) (explanation that failure to pay fee necessary for issuance of citation did not constitute showing of diligence).

■ It is uncontroverted that appellant served Raymond with process within the limitations period. Edwin, however, was not served until more than six months after appellant's suit was filed, more than four months after Raymond's discovery responses were served on appellant, and more than one week after limitations had expired. Appellant, therefore, had the burden of proving that she used due diligence in serving Edwin. *Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826, 830 (Tex.1990); *Martinez v. Becerra,* 797 S.W.2d 283, 284 (Tex.App.—Corpus Christi 1990, no writ).

Appellant's summary judgment evidence consisted of an affidavit from her counsel. The affidavit states that after he reviewed appellant's file in preparation for a mediation which was to occur on July 28, 1999, appellant's counsel noticed that Raymond had not answered appellant's discovery requests. When he called Edwin's counsel, he learned that Raymond had answered the discovery requests some four months before. After searching his office, appellant's counsel found the discovery responses in another file.

Raymond's discovery responses disclosed the discrepancy between his name (Raymond Scott Dodds), the name on the lawsuit (Scott Dodds), and the name on the police report (Edwin Scott Dodds). Raymond also stated that, although he was the owner of the vehicle, he was not the operator of the vehicle on the day of the accident. Raymond named Edwin Scott Dodds as a potential party. If appellant had reviewed Raymond's responses when she received them in March 1999, she would have realized that she had served the wrong party.

We conclude diligence in this case is conclusively negated because appellant had notice more than four months before the expiration of limitations that she had served the wrong party, but she waited until eight days after limitations had expired to serve Edwin. Accordingly, we hold appellant did not exercise diligence in effecting service of process on Edwin as a matter of law. Appellant's first issue is overruled.

### 4. *Equitable Exception Doctrine*

In her second issue, appellant contends the trial court erred in granting Edwin's motion for summary judgment. Appellant asserts her suit should not be barred by limitations because Edwin was not prejudiced by the mistake in pleading.

The record reflects appellant did not raise this issue before the trial court. Therefore, it is waived. Tex.R.App.P. 33.1(a). Nevertheless, even if appellant had not waived the issue, we conclude it would not apply in this case.

■ When a plaintiff names or serves the wrong defendant, limitations will not bar suit against the intended defendant if the intended defendant knew it was the target of the plaintiff's claim and it was not mislead or placed at a disadvantage in obtaining evidence relevant to its defense. *Enserch Corp. v. Parker,* 794 S.W.2d 2, 4–5 (Tex.1990); *Continental S. Lines, Inc. v. Hilland,* 528 S.W.2d 828, 831 (Tex.1975). This equitable exception to a limitations bar is narrowly limited to situations where the intended defendant and the defendant named in the petition are both entities with a business relationship.

235

*Matthews Trucking Co. v. Smith,* 682 S.W.2d 237, 238 (Tex.1984); *Cortinas v. Wilson,* 851 S.W.2d 324, 327 (Tex.App.— Dallas 1993, no writ) (citing *Enserch,* 794 S.W.2d at 6).

Factually, this case falls outside the scope of this narrow exception to the statute of limitations because the named defendants are individuals, not business entities. We see no compelling reason to extend this narrow exception to the misidentification of individual defendants.

The equitable exception doctrine is rooted in the understandable confusion that occurs when a company does business and holds itself out to the public under a trade name. *Enserch Corp.,* 794 S.W.2d at 4–6; *Continental S. Lines, Inc.,* 528 S.W.2d at 830–31. There is no similar situation in the instant case. Raymond and Edwin did not share a business or financial relationship. Further, the confusion regarding the name "Scott Dodds" could easily have been resolved by consulting the police report or by timely reviewing Raymond's answers to appellant's discovery requests. Appellant's second issue is overruled.

Accordingly, we hold the trial court did not err in granting Edwin Scott Dodds's motion for summary judgment. We affirm the trial court's order granting Edwin Scott Dodds's motion for summary judgment.