Eugene X. MERCIER, Appellant,

v.

SOUTHWESTERN BELL YELLOW
PAGES, INC., Appellee.

No. 13–05–700–CV.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Jan. 25, 2007.

John S. Flint, Corpus Christi, Scott A. Young, Austin, for appellant.

Ryan E. Stevens, Corpus Christi, for appellee.

Before Justices YAÑEZ, RODRIGUEZ, and GARZA.

**OPINION ON REHEARING**

Opinion on rehearing by Justice GARZA.

Appellant, Eugene X. Mercier, appeals the trial court's summary judgment in favor of Southwestern Bell Yellow Pages, Inc. By two issues, Mercier asserts the trial court erred in granting summary judgment and in awarding attorney's fees. We affirm in part and reverse and remand in part.

## I. BACKGROUND

Southwestern Bell sued Mercier to recover a debt of $274,767.29 for advertising services and additionally sought an award of $91,589.09 in attorney's fees. Southwestern Bell moved for summary judgment asserting its entitlement to recover on the debt under the causes of action of sworn account, breach of contract, and quantum meruit, as well as its entitlement to recover attorney's fees and costs of court. *See* TEX.R. CIV. P. 166a(c). Mercier did not respond and the trial court entered an order granting summary judgment. Mercier then filed a motion for new trial, which the trial court granted. Southwestern Bell subsequently filed a second motion for summary judgment adopting by reference its original motion for summary judgment including the exhibits. *See* TEX.R. CIV. P. 58 (providing "[s]tatements in a pleading may be adopted by reference in a different part of the same pleading or in another pleading or in any motion, so long as the pleading containing such statements has not been superseded by an amendment as provided by Rule 65"). Without stating its reasons, the trial court granted summary judgment in favor of Southwestern Bell. Mercier again filed a

motion for new trial. The motion was denied. This appeal ensued.

## II. STANDARD OF REVIEW

We review the granting of a traditional motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex.2005); *Branton v. Wood*, 100 S.W.3d 645, 646 (Tex.App.-Corpus Christi 2003, no pet.) (citing *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994); *Tex. Commerce Bank-Rio Grande Valley v. Correa*, 28 S.W.3d 723, 726 (Tex. App.-Corpus Christi 2000, pet. denied)). To prevail, the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Branton*, 100 S.W.3d at 646 (citing TEX.R. CIV. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991)). Only when the movant meets this burden does the burden shift to the nonmovant to raise a genuine issue of material fact. *See M.D. Anderson Hosp. v. Willrich*, 28 S.W.3d 22, 23 (Tex.2000) (per curiam); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). In determining whether there is a genuine issue of material fact, evidence favorable to the nonmovant is taken as true, and all reasonable inferences and doubts are resolved in favor of the nonmovant. *Branton*, 100 S.W.3d at 646. The trial court did not state the specific grounds for its ruling; therefore, we will affirm if any of the theories advanced in the motion for summary judgment are meritorious. *See Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989); *Jones v. Ray Ins. Agency*, 59 S.W.3d 739, 744 (Tex.App.-Corpus Christi 2001, pet. denied).

## III. CAUSES OF ACTION

To recover for breach of contract, Southwestern Bell was required to show that there was no genuine issue of fact and that as a matter of law it had proven (1) the existence of a valid contract, (2) performance or tendered performance by Southwestern Bell, (3) breach of the contract by Mercier, and (4) damages to Southwestern Bell resulting from that breach. *See Adams v. H & H Meat Prods., Inc.*, 41 S.W.3d 762, 771 (Tex.App.-Corpus Christi 2001, no pet.); *Pegasus Energy Group, Inc. v. Cheyenne Petroleum Co.*, 3 S.W.3d 112, 127 (Tex.App.-Corpus Christi 1999, pet. denied).

To recover on its theory of quantum meruit, Southwestern Bell was required to establish that (1) it provided valuable services to Mercier, (2) Mercier accepted the services, and (3) Mercier had reasonable notice that Southwestern Bell expected to be paid by Mercier. *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex.1992).

█ As evidence in support of its motion for summary judgment, Southwestern Bell provided copies of a number of contracts executed by Mercier by which Southwestern Bell agreed to provide advertising to Mercier in the 2003 and 2004 Corpus Christi and Rio Grande Valley telephone directories and by which Mercier agreed to pay for the advertising. Southwestern Bell's summary judgment evidence further demonstrated that Southwestern Bell provided advertising in the directories and that there remained an unpaid balance of $274,767.29. In his response to Southwestern Bell's motion for summary judgment, Mercier acknowledged that he contracted for the advertising services and that he did not pay for the services. Based on the foregoing evidence, we conclude Southwestern Bell established its entitlement to summary judgment on both breach of contract and quantum meruit grounds as a matter of

law.[1] Having concluded that Southwestern Bell established its entitlement to summary judgment, the burden shifts to Mercier to show why summary judgment is improper. *See Willrich,* 28 S.W.3d at 23 ("The nonmovant has no burden to respond to a summary judgment motion unless the movant conclusively establishes its cause of action or defense.").

Mercier's written response generally alleged that genuine issues of material fact existed as to Southwestern Bell's claims for sworn account, breach of contract and quantum meruit. The response did not specify on which elements of the stated causes of action fact issues existed and did not explain what issues defeated summary judgment. Instead, in support of his argument that material fact issues existed, Mercier generally referenced an affidavit attached as summary judgment evidence. It is in this affidavit that Mercier first presents the issues he claims would justify denying summary judgment. However, any issues a non-movant contends avoid the movant's entitlement to summary judgment must be expressly presented by written answer to the motion or by other written response to the motion and are not expressly presented by mere reference to summary judgment evidence. *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex.1993) (citing *City of Houston,* 589 S.W.2d at 678). The supreme court has made it clear, that, rigorous as it may seem, rule 166a (c) must be applied as written and we are not allowed to review the summary judgment evidence to determine whether grounds (or "issues" when, as in the present case, referring to a non-movant's response) are expressly presented; instead, they must be stated in the written response. *Id.; Garrod Invs., Inc. v. Schlegel,* 139 S.W.3d 759, 765 (Tex.App.-Corpus Christi 2004, no pet.) (following *McConnell*); *McCord v. Dodds,* 69 S.W.3d 230, 232 (Tex.App.-Corpus Christi 2001, pet. denied) (same).[2] Because Mercier failed to specifically address the elements of each cause of action on which he claimed fact issues existed and because he failed to expressly present any issues precluding summary judgment in his written response, Mercier did not raise any fact issues precluding summary judgment.

On appeal, Mercier also contends that summary judgment was improper because his written response to Southwestern Bell's motion for summary judgment raised genuine issues of material fact as to two affirmative defenses. He contends his response "fairly raises the affirmative defenses of fraud and failure of consideration...." However, the affirmative defenses were not expressly presented in Mercier's written response. Instead, Mercier raised the defenses in the affidavit attached as summary judgment evidence. We have already held that issues a non-movant contends avoid the movant's entitlement to summary judgment must be expressly presented by written answer to

1. Because we conclude summary judgment was appropriate under either breach of contract or quantum meruit grounds, we need not address whether summary judgment was proper on sworn account grounds. *See Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989); *Jones v. Ray Ins. Agency,* 59 S.W.3d 739, 744 (Tex.App.-Corpus Christi 2001, pet. denied).

2. In *McConnell,* the supreme court explained that "[c]onsistent with Rule 166a, we use the term 'grounds' to refer to the reasons entitling the movant to summary judgment. Likewise, we use the term 'issues' to refer to the reasons the non-movant contends defeat the movant's entitlement to summary judgment." *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 339 n. 2 (Tex.1993). We interpret this to mean that the term "issues" and "grounds" are used interchangeably depending on whether we are referring to the movant or non-movant.

the motion or by other written response to the motion and are not expressly presented by mere reference to summary judgment evidence. *McConnell*, 858 S.W.2d at 341. And, we are not allowed to review the summary judgment evidence to determine whether issues are expressly presented in the written response. *See id.;* *Garrod*, 139 S.W.3d at 765; *McCord*, 69 S.W.3d at 232. Because Mercier failed to expressly present the affirmative defenses in his written response, and further failed to address the elements of each cause of action on which he claimed fact issues existed, his response raised no fact issues precluding summary judgment. Mercier's first issue is overruled.

## IV. ATTORNEY'S FEES

In his second issue, Mercier contends the trial court erred in awarding Southwestern Bell attorney's fees in the amount of $91,589.00. Mercier contends Southwestern Bell failed to demonstrate the reasonableness and necessity of the fees. We agree.

■■■ The trial court awarded attorney's fees under section 38.001 of the Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM.CODE ANN. § 38.001 (Vernon 1997). Section 38.001 provides that a "person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for ... an oral or written contract." *Id.* The trial court has discretion to fix the amount of attorney's fees, but does not have discretion to deny attorney's fees entirely if they are proper. *See Great Global Assurance Co. v. Keltex Properties*, 904 S.W.2d 771, 776 (Tex.App.-Corpus Christi 1995, no pet.) ("A court has discretion to fix the amount of attorney's fees."); *Budd v. Gay*, 846 S.W.2d 521, 524 (Tex.App.-Houston [14th Dist.] 1993, no writ); *see also Bocquet v. Her-*

*ring*, 972 S.W.2d 19, 20 (Tex.1998) (noting that statutes providing that a party "may recover" attorney's fees are not discretionary). The awarding of fees under section 38.001 is mandatory if there is proof of the reasonableness of the fees. *Budd*, 846 S.W.2d at 524.

■■■ A trial court's award of attorney's fees is thus reviewed for an abuse of discretion. *Bocquet*, 972 S.W.2d at 21; *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 881 (Tex.1990) (per curiam). A trial court abuses its discretion when it acts arbitrarily and unreasonably and without reference to guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). When reviewing matters reserved for the trial court's discretion, a court of appeals may not substitute its own judgment for that of the trial court. *See Flores v. Fourth Court of Appeals*, 777 S.W.2d 38, 41–42 (Tex.1989).

■■■ The determination of reasonable attorney's fees is a question for the trier of fact. *See Ragsdale*, 801 S.W.2d at 882; *see also Gonzalez v. Nielson*, 770 S.W.2d 99, 102 (Tex.App.-Corpus Christi 1989, writ denied). Factors to be considered in determining the amount of reasonable attorney's fees include: (1) the time and labor required, novelty and difficulty of the question presented, and the skill required to properly perform the legal service; (2) the likelihood that the acceptance of employment precluded other employment by the lawyer; (3) the fee customarily charged in the locality for similar services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer performing the services; and (8) whether the fee is fixed or contingent

on results obtained or uncertainty of collection before the legal services have been rendered. *See* Tex. Disciplinary R. Prof'l Conduct 1.04(b), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G app. A (Vernon 2005) (Tex. State Bar R. art. X, § 9); *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex.1997). The court is not required to receive evidence on each of these factors. *Burnside Air Conditioning & Heating, Inc. v. T.S. Young Corp.*, 113 S.W.3d 889, 897–98 (Tex. App.-Dallas 2003, no pet). The court can also look at the entire record, the evidence presented on reasonableness, the amount in controversy, the common knowledge of the participants as lawyers and judges, and the relative success of the parties. *Id.*

Citing *Ragsdale*, Southwestern Bell argues that its affidavit on attorney's fees was "clear, direct, and uncontroverted," and, therefore, established its entitlement to attorney's fees "as a matter of law." *See Ragsdale*, 801 S.W.2d at 881–82. Southwestern Bell further contends the trial court correctly awarded the fees because "Mercier had the means and opportunity of disproving the affidavit and failed to do so." *Id.*

 Generally, the testimony of an interested witness, such as a party to the suit, though not contradicted, does no more than raise a fact issue to be determined by the factfinder. *Id.* at 882. Where the testimony of an interested witness, however, is not contradicted by any other witness, or attendant circumstances, and the same is clear, direct and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon, it is taken as true, as a matter of law. *Id.* This is especially true where the opposing party had the means and opportunity to disprove the testimony or evidence and failed to do so. *Id.* at 882; *see* Tex. Civ. Prac. & Rem.Code Ann.

§ 38.003 (Vernon 1997) (creating statutory presumption that the "usual and customary attorney's fees" are reasonable for a chapter 38 claim); *see also Gen. Elec. Supply Co. v. Gulf Electroquip, Inc.*, 857 S.W.2d 591, 601–02 (Tex.App.-Houston [1st Dist.] 1993, no writ) (noting that section 38.003 presumption does not apply unless reasonableness of fees uncontroverted). This exception to the general rule regarding interested witness testimony, however, does not mean in every case in which a party offers uncontradicted testimony, such testimony mandates an award of the entire amount sought. *Ragsdale*, 801 S.W.2d at 882; *Welch v. Hrabar*, 110 S.W.3d 601, 602 (Tex.App.-Houston [14th Dist.] 2003, pet. denied); *Hanssen v. Our Redeemer Lutheran Church*, 938 S.W.2d 85, 91 (Tex.App.-Dallas 1996, writ denied). Even though the evidence might be uncontradicted, if the offered evidence is unreasonable, incredible, or its belief is questionable either from another witness or attendant circumstances, then such evidence would only raise a fact issue to be determined by the trier of fact. *Ragsdale*, 801 S.W.2d at 881–82; *Welch*, 110 S.W.3d at 602; *Hanssen*, 938 S.W.2d at 91.

██ In the present case, Southwestern Bell provided an affidavit from its attorney, Ryan E. Stevens, in support of its request for attorney's fees. In the affidavit, Stevens states:

Plaintiff employed me to collect the claim on which this suit is based. In consideration for such services, Plaintiff has agreed to pay reasonable attorney's fees. Between then and the date of this affidavit, I performed and will perform several hours of work on this matter, including or causing to be done the following: Original Petition; file suit; receive correspondence from process server confirming service of process; calculate Answer date; review Defen-

dant's Original Answer; prepare Motion for Summary Judgment; prepare Affidavit in Support of Motion for Summary Judgment; prepare Affidavit in support of Attorney's Fees in Plaintiff's Motion for Summary Judgment; Correspondence to Plaintiff forwarding Affidavit for signature; review signed Affidavit; file Motion and Affidavits; get setting for hearing on Motion; review Defendant's response, if any; attend hearing; prepare Judgment; get Court's signature to Judgment; file same.

Stevens goes on to state that he expects "that an additional several hours of my time will be required to perform post-judgment discovery and to satisfy the judgment by writ of execution and other procedures." As proof of reasonableness, Stevens contended:

I am familiar with attorney's fees customarily charged by attorneys in Nueces County, Texas, in similar suits, and hereby state that the sum of 1/3 of amount owed or $91,589.09 would be a reasonable fee for the above-described services performed in this cause through summary judgment.

Mercier responded that Stevens' affidavit failed to detail (1) the contract of employment he has with Southwestern Bell, (2) the amount charged for his services, (3) the number of hours expended in the case, or (4) the amount of attorney's fees Southwestern Bell has paid him for his services. On appeal, Mercier reurges his contention that, without proof of a written contingency fee agreement, and without proof, other than Stevens' conclusory statement, that an award of attorney's fees for "1/3 of the amount owed" would be reasonable, Stevens failed to show himself entitled to the fees awarded.

To the extent Stevens implies he entered into a contingency fee agreement

with Southwestern Bell, he failed to present any evidence of such contract. Rule 1.04(d) provides in part:

A contingent fee agreement shall be in writing and shall state the method by which the fee is to be determined. If there is to be a differentiation in the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal, the percentage for each shall be stated. The agreement shall state the litigation and other expenses to be deducted from the recovery, and whether such expenses are to be deducted before or after the contingent fee is calculated.

TEX. DISCIPLINARY R. PROF'L CONDUCT 1.04(d), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 2005) (TEX. STATE BAR R. art. X, § 9). The absence of proof of a written contingency fee agreement creates an attendant circumstance surrounding the alleged existence of such an agreement. In light of the circumstances, we conclude Stevens' evidence was controverted and questionable. Thus, it did not rise to the level that would permit an award of attorney's fees as a matter of law under *Ragsdale*. *See Disbrow v. Healey*, 982 S.W.2d 189, 193–94 (Tex.App.-Houston [1st Dist.] 1998, no pet.); *Inwood N. Homeowners' Ass'n v. Wilkes*, 813 S.W.2d 156, 158 (Tex.App.-Houston [14th Dist.] 1991, no writ).

Further, in *Andersen,* the supreme court held that a contingency fee agreement alone cannot support an award of attorney's fees. *Arthur Andersen & Co.,* 945 S.W.2d at 818. The court explained that, while a contingent fee may be a reasonable fee from the standpoint of the parties to the contract, *i.e.,* a plaintiff and his lawyer, it could not agree that the mere fact that a party and a lawyer have agreed to a contingent fee means that the fee arrangement is in and of itself reason-

able for purposes of shifting that fee to the defendant. *Id.* The court concluded that although a party's contingent fee agreement should be considered by the factfinder, a determination of the reasonableness of the fee must take into consideration the factors required by rule 1.04. *Id.* at 818–19 (providing that evidence of a contingency fee agreement alone, without evidence of the factors identified in rule 1.04, cannot support an award of attorney's fees). We conclude Stevens' contentions that Southwestern Bell agreed to pay reasonable attorney's fees and that 1/3 or $91,589.09 would be reasonable, without evidence of the other factors in rule 1.04, most importantly, without evidence that the fee is reasonable for purposes of shifting the fee to Mercier, does not prove that the fee was reasonable for purposes of a recovery of attorney's fees from Mercier. *See id.* Accordingly, we conclude the trial court erred in awarding Southwestern Bell's request for attorney's fees.

We affirm the trial court's order granting summary judgment in favor of Southwestern Bell and reverse and remand the award of attorney's fees to the trial court for proceedings consistent with this opinion.

Concurring Opinion by Justice LINDA REYNA YAÑEZ.

LINDA REYNA YAÑEZ, Justice, concurring.

I concur in the judgment reached by the majority, but write separately because I would reach the same result for different reasons.

The majority concludes that the trial court properly granted summary judgment

in Southwestern Bell's favor because Mercier did not raise his affirmative defenses of fraud and failure of consideration in his response to Southwestern Bell's motion but instead, merely referenced the defenses in his affidavit, which was attached to his response as summary judgment evidence. The majority concludes that Mercier "failed to expressly present the affirmative defenses in his written response." The majority cites *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex.1993), *Garrod Invs., Inc. v. Schlegel*, 139 S.W.3d 759, 765 (Tex.App.-Corpus Christi 2004, no pet.), and *McCord v. Dodds*, 69 S.W.3d 230, 232 (Tex.App.-Corpus Christi 2001, pet. denied), in support of the proposition that a non-movant's issues must be stated in his written response and a reviewing court may not review the summary judgment evidence to determine whether issues are expressly presented. In *McConnell*, the supreme court stated that a non-movant's written response "must fairly apprise the movant and the court of the *issues* the non-movant contends should defeat the motion." [1] Similarly, in *Garrod*, this Court stated that "[a]ny *issue* which the non-movant claims would justify denying summary judgment must be included in its response" and that "we are not allowed to review the summary judgment evidence to determine whether *grounds* are expressly presented in the written response." [2] Similarly, in *McCord*, this Court stated that "[a] motion for summary judgment must stand or fall on the *grounds* expressly presented in the motion, and a court may not rely on briefs or summary judgment evidence in deter-

---

1. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex.1993) (quoting *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979) (emphasis added)).

2. *Garrod Invs., Inc. v. Schlegel*, 139 S.W.3d 759, 765 (Tex.App.-Corpus Christi 2004, no pet.) (emphasis added).

mining whether *grounds* are expressly present." [3]

I interpret these cases as standing for the proposition that a non-movant's response should simply put the movant on notice of the *issues* the non-movant is raising and that a reviewing court may not sift through the non-movant's summary judgment evidence to determine if there may be other potential issues that were not raised by the non-movant. "[T]he term 'issues' refers to the reasons the non-movant contends defeat the movant's entitlement to summary judgment." [4] In *McConnell*, the supreme court noted that "[i]f it is clear what issues the non-movant contends should defeat the movant's entitlement, the movant should be able to reply only to those issues." [5]

Here, Mercier's response asserted that genuine issues of material fact exist as to Southwestern Bell's claims for sworn account, breach of contract, and quantum meruit. The response refers to Mercier's affidavit as summary judgment evidence attached to the response and "incorporated by such reference for all purposes as if recited verbatim herein." I would conclude that Mercier's response was sufficient to notify the trial court that he was relying on his attached affidavit as summary judgment evidence. [6]

Mercier's affidavit states, among other things, that Southwestern Bell made false representations as to the advertising, that he was "fraudulently induced" into agreeing to advertising with guarantees for certain additional opportunities that did not materialize, that the ad contained inaccuracies, and that he did not receive the benefit of the bargain that he contracted for. If the party opposing a summary judgment relies on an affirmative defense, he must come forward with summary judgment evidence sufficient to raise an issue of material fact on each element of the defense to avoid summary judgment. [7] Affidavits consisting only of conclusions are insufficient to raise an issue of fact. [8] I conclude that Mercier's affidavit is insufficient to raise an issue of material fact on each element of his affirmative defenses. Accordingly, I agree that the trial court did not err in granting summary judgment in Southwestern Bell's favor.

I agree with the majority in overruling Mercier's first issue and in sustaining his second issue.

---

3. *McCord v. Dodds*, 69 S.W.3d 230, 232 (Tex. App.-Corpus Christi 2001, pet. denied) (emphasis added).

4. *Davis v. First Indem. of Am. Ins. Co.*, 56 S.W.3d 106, 110 (Tex.App.-Amarillo 2001, no pet.).

5. *McConnell*, 858 S.W.2d at 343.

6. *See Boeker v. Syptak*, 916 S.W.2d 59, 62 (Tex.App.-Houston [1st Dist.] 1996, no writ) (finding that a paragraph in summary-judgment motion that expressly and specifically identified attached affidavits as being relied upon as summary-judgment evidence was sufficient to place such affidavits before court as evidence).

7. *Bassett v. Am. Nat'l Bank*, 145 S.W.3d 692, 696 (Tex.App.-Fort Worth 2004, no pet.); *Parker v. Dodge*, 98 S.W.3d 297, 300 (Tex.App.-Houston [1st Dist.] 2003, no pet.) (citing *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984)).

8. *Brownlee*, 665 S.W.2d at 112.