

NUMBER 13-09-00013-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **SHEREEF HILMY AND MARIANNE HILMY,** | **Appellants,** |

**v.**

| | |
|---|---|
| **CEL-ANA ROOFING COMPANY, INC.,** | **Appellee.** |

**On appeal from 389th District Court
of Hidalgo County, Texas.**

# MEMORANDUM OPINION

**Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Rodriguez**

This appeal is from a summary judgment granted on the basis that the statute of repose barred certain claims brought by appellants Shereef Hilmy and Marianne Hilmy against appellee Cel-ana Roofing Company, Inc. (Cel-ana Roofing) in connection with the construction and repair of the roof on the Hilmys' residence. *See* TEX. CIV. PRAC. & REM.

CODE ANN. § 16.009 (Vernon 2002). By a single issue, the Hilmys contend that the trial court erred in granting Cel-ana Roofing's traditional motion for summary judgment based on the running of the statute of repose because there was evidence of willful misconduct and fraudulent concealment. We affirm.

## I. BACKGROUND[1]

Cel-ana Roofing, a subcontractor, substantially completed the roof on the Hilmys' home in Mission, Texas, on or before March 15, 1993. Cel-ana Roofing also performed repairs on the roof in September 1993, before the Hilmys moved into their home in November 1993. Six years later on April 16, 1999, and again on October 21, 2002, and November 6, 2002, Cel-ana Roofing worked on the roof.

On November 24, 2003, the Hilmys sued Cel-ana Roofing for damage to their home. The Hilmys claimed that the damage resulted from, among other things, faulty roof construction.[2] Cel-ana Roofing filed three motions for summary judgment—a no-evidence motion for summary judgment filed on October 3, 2005; a traditional motion for summary judgment based on the statute of repose, statute of limitations, and lack of due diligence filed on October 18, 2005, and supplemented on September 19, 2006; and a traditional and partial summary judgment motion based on the one-satisfaction rule and economic-loss rule filed on October 12, 2007. The Hilmys responded to Cel-ana Roofing's no-evidence motion on November 3, 2005, and to Cel-ana Roofing's traditional and partial

---

[1]Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

[2]The Hilmys sued Cel-ana Roofing for, among others, breach of contract, breach of warranty, negligence, gross negligence, violations of the Texas Deceptive Trade Practices Act, unconscionable conduct, fraud, negligent misrepresentation, and conspiracy.

2

summary judgment motion based on the one-satisfaction rule and the economic-loss rule on October 29, 2007. Having reviewed the record, we find nothing filed by the Hilmys in response to Cel-ana Roofing's traditional motion for summary judgment or its supplemental motion based on the statute of repose, statute of limitations, and lack of due diligence.

On June 9, 2008, in an order granting partial summary judgment, the trial court found that the Hilmys' "causes of action seeking relief based upon . . . Cel-ana Roofing Company's conduct in the original construction of the house and any repairs completed more than ten (10) years prior to November 24, 2003 are barred by the Statute of Repose." The trial court granted Cel-ana Roofing's traditional motion for summary judgment as to those claims. The trial court denied Cel-ana Roofing's no-evidence motion for summary judgment, its traditional motion for summary judgment based on the statute of limitations and lack of due diligence, and its traditional and partial summary judgment based on the one-satisfaction rule and the economic-loss rule. On December 1, 2008, the trial court granted the parties' motion to sever and ordered the Hilmys' causes of action seeking relief based on Cel-ana Roofing's conduct in the original construction of the house and any repairs completed more than ten years prior to November 24, 2003, severed from the rest of the suit. This appeal ensued.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

The Court's review of the trial court's grant or denial of a traditional motion for summary judgment is de novo. *See, e.g., Ortega v. City Nat'l Bank*, 97 S.W.3d 765, 771 (Tex. App.–Corpus Christi 2003, no pet.) (op. on reh'g). Summary judgment for a defendant is proper if the defendant disproves at least one element of each of the plaintiff's claims or affirmatively establishes each element of an affirmative defense to each claim.

3

*Id*. at 772. A non-movant has the burden to respond to a traditional summary judgment motion if the movant conclusively: (1) establishes each element of its cause of action or defense; or (2) negates at least one element of the non-movant's cause of action or defense. *See id*.

> When a defendant moves for summary judgment based on an affirmative defense, such as the statute of repose, the defendant, as movant, bears the burden of proving each essential element of that defense. A non-movant asserting fraudulent concealment has the burden "to come forward with proof raising an issue of fact with respect to" that claim.

*Ryland Group v. Hood*, 924 S.W.2d 120, 121 (Tex. 1996) (per curiam) (citations omitted). In other words, "a party asserting fraudulent concealment as an affirmative defense to the statute of limitations has the burden to raise it in response to the summary judgment motion and to come forward with summary judgment evidence raising a fact issue on each element of the fraudulent concealment defense." *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp*., 988 S.W.2d 746, 750 (Tex. 1999) (citing TEX. R. CIV. P. 166a(c); *American Petrofina, Inc. v. Allen*, 887 S.W.2d 829, 830 (Tex. 1994)*; Hudson v. Wakefield*, 711 S.W.2d 628, 630 n.1 (Tex. 1986); *City of Houston v. Clear Creek Basin Auth*., 589 S.W.2d 671, 679 (Tex. 1979); *Nichols v. Smith*, 507 S.W.2d 518, 521 (Tex. 1974)).

In reviewing motions for summary judgment, issues not expressly presented to the trial court by written motion or response to a motion for summary judgment cannot be considered as grounds either to affirm or reverse the trial court's judgment. TEX. R. CIV. P. 166a; *McConnell v. Southside Indep. Sch. Dist*., 858 S.W.2d 337, 341 (Tex. 1993); *see Mercier v. Sw. Bell Yellow Pages, Inc*., 214 S.W.3d 770, 774 (Tex. App.–Corpus Christi 2007, no pet.) (op. on reh'g).

4

### III. ANALYSIS

In this case, Cel-Ana Roofing moved for a traditional summary judgment based on the affirmative defense provided by the statute of repose which requires a party to sue "a person who constructs or repairs an improvement to real property not later than 10 years after the substantial completion of the improvement in an action arising out of a defective or unsafe condition of the real property or a deficiency in the construction or repair of the improvement." TEX. CIV. PRAC. & REM. CODE ANN. § 16.009(a). Section 16.009(e)(3) states, however, that the statute of repose does not bar an action based on willful misconduct or fraudulent concealment in connection with the performance of the construction or repair. *Id*. § 16.009(e)(3); *Ryland Group*, 924 S.W.2d at 121.

It is undisputed and the summary judgment evidence establishes that Cel-ana Roofing substantially completed the construction of the roof on the Hilmys' home on or before March 15, 1993, more than ten years before November 24, 2004, when the lawsuit was filed alleging damage to real property. It is also undisputed that the roof repairs made by Cel-ana Roofing in September 1993 were completed more than ten years before suit was filed. Cel-ana Roofing, thus, met its summary judgment burden to prove as a matter of law that section 16.009 applies because the Hilmys did not file suit within the ten-year statutory period. *See Ryland Group*, 924 S.W.2d at 121; *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972). The question then is whether the Hilmys raised the affirmative defenses of willful misconduct and fraudulent concealment in response to the summary judgment motion and presented enough proof to raise a fact issue on the affirmative defenses in order to defeat Cel-ana Roofing's right to summary judgment. *See Ryland*

5

*Group*, 924 S.W.2d at 121; *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984); *see also* TEX. R. CIV. P. 166a; *Mercier*, 214 S.W.3d at 774; *McConnell*, 858 S.W.2d at 341.

The only response filed by the Hilmys that addresses the statute of repose is their response to Cel-ana Roofing's no-evidence motion for summary judgment. In its no-evidence motion, Cel-ana Roofing argued that the Hilmys had "offered no evidence to support any act or omission on the part of Cel-ana Roofing that [establishes that] this suit is not barred by the Statute of . . . Repose." The Hilmys did not raise the affirmative defenses of willful misconduct and fraudulent concealment in response to Cel-ana Roofing's argument and offered no evidence to support any act or omission on the part of Cel-ana Roofing specific to the elements of this defense. Misconstruing Cel-ana Roofing's argument and citing *Nowak v. DAS Inv. Corp.*, 110 S.W.3d 677, 680 (Tex. App.–Houston [14th Dist.] 2003, no pet.), the Hilmys responded that Cel-ana Roofing improperly raised the defense of statute of repose in its no-evidence motion. *See id.* (concluding that the defendant improperly filed a no-evidence motion on its own affirmative defense of limitations). The no-evidence motion, according to the Hilmys, must "challenge a specific element of the opponent's case, and therefore is not appropriate to raise a challenge based on an affirmative defense on which the movant has the burden of proof." Thus, even were we to consider the Hilmys' response to Cel-ana Roofing's no-evidence motion in this analysis, it provides no support for their argument on appeal. *See* TEX. R. CIV. P. 166a.

Additionally, Cel-ana Roofing argued the statute of repose bar in great detail in its traditional motion for summary judgment. As set out above, in this motion, Cel-ana Roofing moved for summary judgment based on the statute of repose and met its burden

6

of proving the elements of that defense. *See Ryland Group*, 924 S.W.2d at 121. Therefore, the Hilmys, who are now asserting willful misconduct and fraudulent concealment as a defense to the limitations bar, had the burden of raising those defenses in response to Cel-ana Roofing's traditional summary judgment motion and of coming forward with summary judgment evidence raising a fact issue on each element of their defense. *See KPMG*, 988 S.W.2d at 750. We find no response to Cel-ana Roofing's traditional motion for summary judgment in the appellate record. Neither did the Hilmys raise the defenses in their response to Cel-ana Roofing's no-evidence motion for summary judgment. Thus, the Hilmys did not meet their burden to both assert the defenses in a response and to support it with summary judgment evidence. *See id*.

Moreover, because the Hilmys did not expressly present to the trial court the argument that they now make on appeal—that they are entitled to the estoppel effect of fraudulent concealment and willful misconduct and that the summary judgment evidence of such actions defeats the summary judgment—we cannot now consider its argument as grounds to reverse the trial court's judgment. *See* TEX. R. CIV. P. 166a; *McConnell*, 858 S.W.2d at 341; *see also Mercier*, 214 S.W.3d at 774. We overrule the Hilmys' sole issue on appeal.

## IV. CONCLUSION

We affirm the judgment of the trial court.

> NELDA V. RODRIGUEZ
> Justice

Delivered and filed the
29th day of April, 2010.

7